Noffie JOHNSON, Appellant,

v.

J.R. PETERSON, R.G. Belanger, and Delbert Purvis, Appellees.

No. A14–90–148–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 4, 1990.

**346**

Noffie Johnson, Huntsville, for appellant.

Anthony J. Nelson, Austin, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from the dismissal of appellant's pro se in forma pauperis action as frivolous. We affirm.

Noffie Johnson, an inmate and appellant in this case, sued appellees, J.R. Peterson, R.G. Belanger, and Delbert Purvis, a warden, an assistant warden, and a guard respectively, at TDCJ–Institutional Division. Appellant claimed Purvis committed assault and battery by placing his finger on appellant's nose in an offensive manner. Appellant further contended he was the subject of a false disciplinary action brought by Purvis, and that Belanger and Peterson were vicariously liable because they acquiesced in the conduct of Purvis, their subordinate.

Appellees filed original answers, special exceptions, and motions to dismiss. Upon consideration of the pleadings of the parties, the court below granted appellees' motion to dismiss appellant's claim as frivolous. The appellant, in two points of error, claims the trial court abused its discretion in dismissing his case.

In his first point of error, appellant Johnson claims the trial court abused its discretion by dismissing his action without affording him the opportunity to amend his complaint. Appellees filed their motions to dismiss pursuant to Tex.Civ.Prac. & Rem. Code Ann. § 13.001 (Vernon Supp.1989) that states as follows:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

Section 13.001(c) expressly empowers the trial court to dismiss an in forma pauperis action as frivolous or malicious before or after service of process. Furthermore, the trial court has broad discretion in making this determination. *Johnson v. Lynaugh,* 766 S.W.2d 393, 394 (Tex.App.—Tyler 1989, writ pending).

Section 13.001 uses substantially the same language as 28 U.S.C. § 1915(d) (1988), the federal statute allowing dismissal of frivolous in forma pauperis proceedings. The fifth circuit discussed the ratio-

nale for dismissing frivolous in forma pauperis proceedings under § 1915(d):

> Unlike most litigants, prisoners have everything to gain and nothing to lose by filing frivolous suits. Filing a suit in forma pauperis costs a prisoner little or nothing; time is usually of little importance to a prisoner and prisoners are not often deterred by the threat of possible sanctions for malicious or frivolous actions or perjury.... Thus, the temptation to file frivolous suits is strong, and these suits clutter up the federal courts, wasting scarce and valuable judicial resources, subjecting prison officials unnecessarily to the burdens of litigation and preventing prisoner suits with merit from receiving adequate attention.

*Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986).

■ The trial court has broad discretion in dismissing frivolous or malicious in forma pauperis actions. *Johnson,* 766 S.W.2d at 394. Since appellant's claims were sufficiently egregious to warrant dismissal, we do not find the trial court abused its discretion.

■ Appellant Johnson claims the defendants violated his right to due process under the United States and Texas constitutions, as well as violating portions of the Texas Penal Code. Johnson fails to allege a valid constitutional claim. Ordinary tort claims are not actionable under 42 U.S.C. § 1983, *Mark v. Caldwell,* 754 F.2d 1260, 1261 (5th Cir.1985), *cert. denied,* 474 U.S. 945, 106 S.Ct. 310, 88 L.Ed.2d 287 (1985), and an allegation of excessive force was not made. Furthermore, the fourteenth amendment's due process guarantees do not go so far as to provide for an inmate's satisfaction with the results of a prison disciplinary and grievance proceeding. *Stewart v. Thigpen,* 730 F.2d 1002, 1005 (5th Cir.1984).

■ Appellant's claims under the Texas Penal Code fail because defendant Purvis is privileged in using reasonable force to maintain the security of the penal institution. TEX.PENAL CODE ANN. § 9.53 (Vernon Supp.1990), and because defendants Purvis, Belanger, and Peterson, as employees of the State, are entitled to quasi-judicial immunity from damages. *Augustine v. Nusom,* 671 S.W.2d 112, 115 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The appellant has made no claim of bad faith sufficient to overcome this immunity.

■ Appellant Johnson has styled his case as a "Texas Tort Claim" but he has not alleged conduct which would come within the Texas Torts Claim Act. Specifically, he has failed to claim an injury arising from the operation of a motor vehicle or the use of tangible personal or real property. TEX.CIV.PRAC. & REM.CODE § 101.021 (Vernon 1986). Point of error one is overruled.

■ In his second point of error, appellant Johnson claims the trial court erred in granting appellees' motion to dismiss and their special exceptions on the same date. Appellant correctly asserts that when special exceptions are granted, a party must be given the right to amend before his or her suit is dismissed. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974); *Augustine v. Nusom,* 671 S.W.2d 112, 114 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ In the present case, the trial court's dismissal of the case on the same date as its grant of the special exceptions foreclosed appellant's right to amend. Appellant contends this resulted in reversible error.

It is our determination that since an in forma pauperis action can be dismissed at any time, either before or after service of process, TEX.CIV.PRAC. & REM.CODE § 13.001(c), the trial court's dismissal power should take precedence over the rule regarding special exceptions. The trial court's granting of special exceptions on the same date was harmless and inadvertent error. Point of error two is overruled.

We affirm the trial court's judgment of dismissal.