Daniel JOHNSON and William
Biggs, Appellants,

v.

James LYNAUGH and Jerry
Peterson, Appellees.

No. C14–90–00429–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 21, 1990.

Rehearing Denied Dec. 6, 1990.

Daniel Johnson, Huntsville, pro se.

William Biggs, Huntsville, pro se.

Ron Shortes, Adrian Young, Austin, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

This is an appeal from the dismissal of appellants' pro se in forma pauperis action pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001. We affirm.

Appellants Daniel Johnson, and William Biggs are inmates in the Texas Department of Criminal Justice [TDJC], Ellis 1 Unit. They sued appellees, TDJC director James Lynaugh and unit warden Jerry Peterson pursuant to 42 U.S.C. § 1983 claiming unconstitutional conditions of confinement and seeking monetary and injunctive relief. Specifically, appellants complain of physical injury from excessive television noise emanating from five televisions located adjacent to their living cells but beyond their view.

In their first point of error, appellants complain the trial court abused its discretion in dismissing their suit pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001. That section states:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1990).

Section 13.001 parallels 28 U.S.C. § 1915(d), the federal statute allowing federal courts to dismiss frivolous or malicious in forma pauperis actions. *Johnson v. Lynaugh*, 766 S.W.2d 393, 394 (Tex.App.—Tyler 1989), *writ denied per curiam*, 796

S.W.2d 705 (1990). The three factors enumerated in section 13.001(b) are a codification of the guidelines used by the federal courts in determining whether claims are frivolous. *Id.* The federal courts, however, have recently declared that in forma pauperis suits are not automatically frivolous under § 1915(d) because they fail to state a claim. *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir. 1989), citing *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). As a result, dismissal of in forma pauperis suits may no longer be appropriate under section 13.001(b)(3). *Johnson v. Lynaugh,* 796 S.W.2d 705 (1990). Instead, the proper factor to consider in dismissing an in forma pauperis suit is section 13.001(b)(2). *Id.*

The trial court has broad discretion to determine whether a suit filed pursuant to Tex.R.Civ.P. 145 should be dismissed as frivolous under section 13.001. 766 S.W.2d at 394. Although it is not clear on what part of section 13.001 the trial court based its dismissal of appellants' suit, appellant's point of error focuses on the legal and factual basis of their causes of action. In their Original Complaint, appellants allege three causes of action premised on various provisions of the U.S. Constitution and the counterpart provisions of the Texas Constitution, including Article I, §§ 13, 19. Their first cause of action alleges they were subjected to continuous and excessive noise from televisions located near their living cells in violation of the 8th and 14th Amendments. Their second cause of action alleges that the prison's "low volume rule" creates a liberty interest under the due process clause of the 14th Amendment which was violated by appellees failure to follow this rule. Appellant's third cause of action alleges their due process rights under the 14th Amendment were violated because the television viewing hours were extended without notice or hearing.

Initially, we observe that appellant Johnson previously filed an action under 42 U.S.C. § 1983 in the U.S. District Court for the Southern District of Texas. The case was styled "Icarcerated Citizens Against Unconstitutional Treatment, Et Al. v. Raymond Procunier, Et Al." and alleged among several causes of action, a violation of the 8th and the 14th Amendments due to excessive television noise. That suit was dismissed for failure to state a claim. In forma pauperis complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts from a common series of events already unsuccessfully litigated. *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir.1989), citing *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.). Since the prior suit was not brought to the attention of the trial court, we cannot now consider it.

■■■ The first inquiry in any § 1983 suit is whether the plaintiff has been deprived of a right secured by the Constitution and laws. *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692–93, 61 L.Ed.2d 433 (1979). Appellants wholly failed to allege the deprivation of a valid constitutional right. Appellants do not state in either their complaint or their brief how a noise-free prison implicates the 14th Amendment. A noise-free prison environment is certainly not a fundamental right and appellants are clearly not members of a suspect class. *See San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973). As for the 8th Amendment, it may afford protection against conditions of confinement which constitute health threats, but it does not protect against those conditions which cause mere discomfort or inconvenience. 878 F.2d at 849 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989). Excessive television noise surely does not rise to anything more than mere discomfort or inconvenience.

■■■ Furthermore, prison officials have broad administrative and discretionary authority over the institutions they manage and lawfully incarcerated persons

retain only a narrow range of protected liberty interests. *Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). While a State may create a protected liberty interest in a prison setting by placing substantive limitations on official discretion, the "low volume rule" creates no such liberty interest. *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989). For example, a prison regulation may contain "substantive predicates" or criteria which serve to limit the discretion of prison officials. If that same regulation also contains "explicitly mandatory language" or specific directives mandating a particular outcome when the regulation's criteria are present, it then creates an enforceable liberty interest. 109 S.Ct. at 1909–10. According to appellants' complaint, the Inmate Orientation Handbook states that "televisions will be kept at a low volume". While there is mandatory sounding language in the "rule", there are no substantive predicates limiting prison officials' discretion and, therefore, no liberty interest. Given that excessive television noise does not implicate the 14th Amendment in any manner, appellants were not entitled to notice or hearing with regard to changes in the television viewing hours.

■ Stripped of its conclusory allegations and technical "buzz" words, appellants' pleadings alleged at most, a negligence action. Mere negligence by government officials is not actionable under § 1983. *Jacquez v. Procunier,* 801 F.2d 789, 792, (5th Cir.1986), citing *Daniels v. Williams,* 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). We hold that appellants' suit has no arguable basis in law or in fact. Accordingly, the trial court did not abuse its discretion in dismissing appellants' frivolous suit. We overrule appellants' first point of error.

In as much as appellants' suit is frivolous, we need not address appellants second point of error complaining of the trial court's refusal to grant their discovery motion.

■ In their third point of error, appellants contend that section 13.001 violates their federal and state equal protection and due process rights. U.S. CONST., amend. XIV, § 1; TEX. CONST. art. I, §§ 3, 3a, 19. In determining the constitutionality of a statute passed by the legislature, we begin with the strong presumption of its validity. *Vinson v. Burgess,* 773 S.W.2d 263, 266 (Tex.1989). This presumption exists because of the equal presumption that legislators do not intend to enact unconstitutional laws. *Id.*

■ The burden is on the party challenging the statute to establish its unconstitutionality. *Wishnow v. Texas Alcoholic Beverage Commission,* 757 S.W.2d 404, 406 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Appellants challenge the constitutionality of section 13.001 for the first time on this appeal. Moreover, they do not state specifically how the statute is unconstitutional. A constitutional challenge not raised properly in the trial court is waived on appeal. *Walker v. Employees Retirement System,* 753 S.W.2d 796, 798 (Tex. App.—Austin 1988, writ denied). In addition, appellants' may make a complaint for the first time on appeal only when there is fundamental error. *Elbar, Inc. v. Claussen,* 774 S.W.2d 45, 52 (Tex.App.—Dallas 1989, no writ). Fundamental error in civil matters occurs in extremely limited circumstances, such as where the court does not have proper jurisdiction over the action. *Id.* The case before us presents no fundamental error. We overrule appellants' third point of error and affirm the judgment of the trial court.