Huntsberry v. Texas 









NO. 10-91-128-CV


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          TERRY HUNTSBERRY,
                                                                                           Appellant

          v.

          TEXAS DEPARTMENT OF CRIMINAL JUSTICE, 
          INSTITUTIONAL DIVISION, ET AL,
                                                                                           Appellees


* * * * * * * * * * * * *

 From 52nd Judicial District Court
Coryell County, Texas
Trial Court # 25,932

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Terry Huntsberry, a prison inmate, brought a pro se action in forma pauperis against the
Texas Department of Criminal Justice, Institutional Division and two individuals named in his
petition as "C. Jenkins" and "Mata." C. Jenkins is described in the petition as a substitute counsel
to prison inmates at the Hughes Unit in Gatesville. Mata is described in the petition as a
disciplinary hearing committee officer at the same unit. Before the defendants were served with
process, the court dismissed the cause as being frivolous. See Tex. Civ. Prac. & Rem. Code
Ann. § 13.001 (Vernon Supp. 1991). Huntsberry's point of error states: "The District Court
abused its discretion when it dismissed Appellant's action without 
considering the facts within the petition." We will overrule this point and affirm the judgment of
dismissal.
          Section 13.001 provides:
(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules
of Civil Procedure, has been filed may dismiss the action on a finding that:
(1) the allegation of poverty in the affidavit is false; or
(2) the action is frivolous or malicious.
(b) In determining whether an action is frivolous or malicious, the court may
consider whether:
(1) the action's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact; or
(3) it is clear that the party cannot prove a set of facts in support of
the claim.
(c) An action may be dismissed under Subsection (a) as frivolous or malicious
either before or after service of process.
Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (Vernon Supp. 1991).
          Because of recent federal decisions, a dismissal under section 13.001(b)(3) is no longer
appropriate. See Neitzke v. Williams, 490 U.S. 319, ———, 109 S.Ct. 1827, 1834, 104 L.Ed.2d
338 (1989); Pugh v. Parish of St. Tammany, 875 F.2d 436, 438 (5th Cir. 1989); Johnson v.
Lynaugh, 800 S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1990, writ granted). The
federal counterpart of section 13.001 is section 1915(d) of Title 28, which authorizes federal
courts to dismiss in forma pauperis suits "if the allegation of poverty is untrue, or if satisfied that
the action is frivolous or malicious." See 28 U.S.C.A. § 1915(d) (West 1966). While the federal
statute does not contain guidelines for determining when a suit is frivolous, a dismissal is proper
if the claim has no arguable basis in law and fact. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th
Cir. 1991); Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989), cert. denied, ——— U.S.
———, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); Pugh, 875 F.2d at 438. The rationale behind
granting trial courts the power to dismiss in forma pauperis suits is to "prevent abusive or captious
litigation" where the in forma pauperis litigant "lacks an economic incentive to refrain from filing
frivolous, malicious, or repetitive lawsuits." Neitzke, 490 U.S. at ———, 109 S.Ct. at 1831, 104
L.Ed.2d 338. "To this end, the statute accords judges not only the authority to dismiss a claim
based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of
the complainant's factual allegations and dismiss those claims whose factual contentions are clearly
baseless." Id. at 1833 (emphasis added). An example of an indisputably meritless legal theory
occurs where the petition asserts claims against which the defendants are immune from suit. Id. 
An example of factually baseless contentions occurs where the petition describes claims arising
out of fantastic or delusional scenarios. Id.
          Huntsberry details in his petition how, on February 19, 1991, during a routine search of
his cell, officers advised him that a disciplinary report would be written because his mattress was
torn. On February 25, C. Jenkins served Appellant with a "disciplinary infraction" and explained
to him his rights to have and call witnesses at a hearing. Appellant asked Jenkins to obtain certain
documents for the hearing, but he never heard from Jenkins again until March 4, when he was
taken before officer "Mata," the disciplinary hearing captain. A hearing was held and Appellant
was "found guilty" based upon the evidence that was presented. Appellant filed the petition on
June 5, contending that he was denied a fair hearing and citing various statutory and constitutional
provisions.


 
          Although Appellant's petition listed a variety of statutes under which he made his denial-of-a-fair-hearing claim, only the constitutions grant due process rights. See U.S. Const. amend.
XIV; Tex. Const. art. I, § 19. In evaluating the petition, the court could have considered that
the hearing was held under section 499.002 of the Government Code—one of the sections cited
by Appellant in his petition—which provides for liability of an inmate who intentionally damages
property belonging to the state. See Tex. Gov't Code Ann. § 499.002 (Vernon 1990). Section
499.002(d) and (e) provide that an inmate may appeal a ruling from the hearing; but unless he does
so within sixty days after the date of the hearing, his appeal is barred. Id. at 499.002(d),(e). The
hearing was held on March 4, and the petition was filed on June 5, more than sixty days later. 
          Because Appellant's petition appears to be an appeal of the hearing, the court could have
determined that any complaints about the hearing were barred. See id. Additionally, because the
petition made no allegation of bad faith, "Mata" and "C. Jenkins," as employees of the state,
enjoyed quasi-judicial immunity from damages. See Johnson v. Peterson, 799 S.W.2d 345, 347
(Tex. App.—Houston [14 Dist.] 1990, no writ). Finally, just as the Fourteenth Amendment of
the United States Constitution does not assure inmate satisfaction with the results of a prison
disciplinary and grievance proceeding, article I, section 19, of the Texas Constitution does not
afford such satisfaction. See id. 
          Based on the facts presented and because the court is empowered with broad discretion in
making a determination to dismiss under section 13.001(b)(2), we hold that Appellant's claim had
no arguable basis in law. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(2) (Vernon Supp.
1991). Accordingly, we overrule Appellant's point and affirm the judgment of dismissal.
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 1, 1991
Do not publish



t publish

[CR25]