Cowan v. Warner 






NO. 10-91-046-CV


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          CHRISTOPHER COWAN,
                                                                                            Appellant
          v.

          WESLEY WARNER, ET AL,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 12th Judicial District Court
Madison County, Texas
Trial Court # 6460

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Christopher Cowan, a prison inmate, filed a pro se petition in forma pauperis against
Wesley Warner, Kent Ramsey and James Collins, all prison employees, alleging that his right to
due process was violated because he did not receive specific notice of the charges against him at
a prison disciplinary hearing. The employees filed an answer and asked the court to dismiss the
cause. Acting under section 13.001 of the Civil Practice and Remedies Code, the court dismissed
the action as frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (Vernon Supp. 1991). 
Cowan contends that the dismissal was "wrong." The order of a dismissal will be affirmed.
          Section 13.001 and its federal counterpart authorize the dismissal of pro se suits by paupers
if the court is satisfied that the action is frivolous. See Tex. Civ. Prac. & Rem. Code Ann. §
13.001 (Vernon Supp. 1991); 28 U.S.C.A. § 1915(d) (West 1966). The rationale behind these
statutes is to prevent a pauper-litigant from filing "frivolous, malicious, or repetitive lawsuits." 
Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989). Judges can
dismiss claims based on "indisputably meritless legal" theories as well as those whose "factual
contentions are clearly baseless." Id. 109 S.Ct. at 1833. Furthermore, a court has broad
discretion when determining whether to dismiss a suit as frivolous. Johnson v. Lynaugh, 766
S.W.2d 393, 394 (Tex. App.—Tyler 1989, writ denied).
          Here, the court could have considered that the defendants, all state employees, were
entitled to quasi-judicial immunity from damages. See Johnson v. Peterson, 799 S.W.2d 345, 347
(Tex. App.—Houston [14th Dist.] 1990, no writ). Furthermore, because "prison officials have
broad administrative and discretionary authority over the institutions they manage and lawfully
incarcerated persons retain only a narrow range of protected liberty interests," the court could
have determined that the procedure followed at the prison disciplinary hearing was proper. See
Johnson v. Lynaugh, 800 S.W.2d 936, 938-39 (Tex. App.—Houston [14th Dist.] 1990, writ
granted). 
          Accordingly, we hold that the court did not abuse its discretion when it dismissed the claim
as frivolous because it could have concluded that the suit had no arguable basis either in fact or
law. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(2) (Vernon Supp. 1991). Point one
is overruled and the order of a dismissal is affirmed.
 
                                                                                                     BOB L. THOMAS
                                                                                                     Chief Justice
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed August 1, 1991
Do not publish



160;                                                 PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed October 30, 2002
Do not publish
[CR25]