Balawajder v. Clover 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-053-CV

        JEFFREY BALAWAJDER,
                                                                              Appellant
        v.

        SHANNON R. CLOVER, ET AL,
                                                                              Appellees
 

 From the 52nd District Court
Coryell County, Texas
Trial Court # 25,611
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          In this appeal we determine the propriety of a dismissal, under section 13.001 of the Texas
Civil Practice and Remedies Code, of a suit filed in forma pauperis. See Tex. Civ. Prac. & Rem.
Code Ann. § 13.001 (Vernon Supp. 1991). 
          Jeffrey Balawajder, a prison inmate, brought a pro se action in forma pauperis against
Shannon R. Clover, Mark A. Rainwater, and Edmund N. Benoit, employees of the Texas
Department of Criminal Justice, Institutional Division, alleging intentional and malicious
destruction of personal property. Before the defendants were served with process, the court
dismissed the cause as being "frivolous and/or malicious." See id. Balawajder complains that
the trial court erred by dismissing the complaint for having no arguable basis in law or fact. The
judgment of dismissal will be affirmed. See Thompson v. Ereckson, No. 10-90-175-CV (Tex.
App.--Waco, July 25, 1991, n.w.h.); Birdo v. Ament, No. 10-90-178-CV (Tex. App.--Waco, July
25, 1991, n.w.h.). 
          Section 13.001 provides:
(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules
of Civil Procedure, has been filed may dismiss the action on a finding that:
(1) the allegation of poverty in the affidavit is false; or
(2) the action is frivolous or malicious.
(b) In determining whether an action is frivolous or malicious, the court may
consider whether:
(1) the action's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact; or
(3) it is clear that the party cannot prove a set of facts in support of
the claim.
(c) An action may be dismissed under Subsection (a) as frivolous or malicious
either before or after service of process.
Id.
          The federal counterpart of section 13.001 is section 1915(d) of Title 28, which authorizes
federal courts to dismiss in forma pauperis suits "if the allegation of poverty is untrue, or if
satisfied that the action is frivolous or malicious." See 28 U.S.C.A. § 1915(d) (West 1966). 
While the federal statute does not contain guidelines for determining when a suit is frivolous, a
dismissal is proper if the claim has no arguable basis in law and fact. Varnado v. Lynaugh, 920
F.2d 320, 321 (5th Cir. 1991); Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989), cert.
denied, ——— U.S. ———, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); Pugh v. Parish of St.
Tammany, 875 F.2d 436, 438 (5th Cir. 1989). The rationale behind granting this power to trial
courts is to "prevent abusive or captious litigation" where the in forma pauperis litigant "lacks an
economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v.
Williams, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). "To this end, the statute
accords judges not only the authority to dismiss a claim based on an indisputably meritless legal
theory, but also the unusual power to pierce the veil of the complainant's factual allegations and
dismiss those claims whose factual contentions are clearly baseless." Id. at 1833 (emphasis
added). An example of an indisputably meritless legal theory occurs where the petition asserts
claims against which the defendants are immune from suit. Id. An example of factually baseless
contentions occurs where the petition describes claims arising out of fantastic or delusional
scenarios. Id.
          The trial court specified that Balawajder's cause was "dismissed as being frivolous and/or
malicious" because "the claim [had] no arguable basis in law or fact." See Tex. Civ. Prac. &
Rem. Code Ann. § 13.001(b)(2) (Vernon Supp. 1991). The trial court should be allowed broad
discretion when determining whether or not a suit filed pursuant to Rule 145 of the Texas Rules
of Civil Procedure should be dismissed as frivolous under section 13.001. Johnson v. Lynaugh,
766 S.W. 393, 394 (Tex. App.--Tyler 1989), writ denied per curiam, 796 S.W.2d 705 (Tex.
1990). Therefore, we must decide whether the trial court abused its discretion in determining that
Balawajder's suit was frivolous.
          Balawajder asserted in his brief that the action was brought pursuant to section 101.001 et
seq. of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§
101.001-101.109 (Vernon 1986 & Supp. 1991). The petition alleged that Balawajder suffered loss
of property, denial of due process of law, denial of equal protection of law, mental anguish,
anxiety, and loss of money when four ounces of coffee, three plastic drinking cups, two antenna
wires, and two packages of crackers were destroyed during a search of his prison cell. He asked
for $1,000 as compensatory damages and $10,000 as punitive damages.
          In evaluating the petition the court could have considered that the named defendants, as
employees of the state, were entitled to quasi-judicial immunity from damages. See Johnson v.
Peterson, 799 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1990, no writ). The court
could also have concluded that the damages were de minimis and, therefore, Balawajder's chances
of being successful at a trial were highly unlikely. 
          Recognizing that the test applicable under the federal statute is the one enumerated in our
statute as section 13.001(b)(2) ("a complaint . . . is frivolous where it lacks an arguable basis in
law or in fact"), we conclude that the dismissal of Balawajder's claims under 13.001(b)(2) would
have been amply justified because the claim had no arguable basis in fact. See Tex. Civ. Prac.
& Rem. Code Ann. § 13.001(b)(2) (Vernon Supp. 1991). Because the damages were de minimis,
the court could have "pierced the veil" of Balawajder's factual allegations and concluded that the
allegations were of the type whose factual contentions are clearly baseless. See Neitzke, 490 U.S.
at ———, 109 S.Ct. at 1833, 104 L.Ed.2d 338. Thus, we conclude that the court did not abuse
its discretion when it dismissed Balawajder's petition for the reason stated. See Johnson v.
Lynaugh, 800 S.W.2d 936, 938 (Tex. App.--Houston [14th Dist.] 1990, writ granted). 
Balawajder's sole point of error is overruled.
          We affirm the judgment of dismissal.



                                                                                           BOBBY L. CUMMINGS
                                                                                           Justice

Before Chief Justice Thomas,
          Justice Vance, and
          Justice Cummings
Affirmed
Opinion delivered and filed October 16, 1991 
Do Not Publish