TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00518-CV







Gregory Bolling a/k/a Jimmy Ray Hill, Appellant



v.



Secretary of State of the State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 92-17017, HONORABLE HUME COFER, JUDGE PRESIDING







PER CURIAM


 Appellant Gregory Bolling a/k/a Jimmy Ray Hill appeals from an order of the
district court of Travis County dismissing his suit against appellee the Secretary of State of the
State of Texas on the basis that the suit was frivolous and malicious and brought solely to harass
federal officials, federal judges, and Bolling's attorneys. See Tex. Civ. Prac. & Rem. Code
§ 13.001(a)(2) (West Supp. 1995); Tex. R. Civ. P. 13. Bolling raises three points of error
complaining that the trial court erred in dismissing the suit. We will affirm the trial court
judgment.

 In 1991, Bolling entered a plea of guilty to several criminal counts in federal
district court. While awaiting sentencing, Bolling filed suit in Travis County district court against
the federal judge, federal officers involved in the investigation and prosecution and his attorneys
seeking $72,000,000 in damages. The district court dismissed this suit on its finding that it was
frivolous and malicious and was "`a patent use of the court system to stymie the prosecution by
the United States government against'" Bolling.

 Bolling then filed UCC financing statements reciting that the defendants and others
were indebted to him in the amount of $72,000,000 with the Secretary of State. See generally
Uniform Commercial Code, Tex. Bus. & Com. Code Ann. §§ 9.302(a), .401(a)(3), .402 (West
1991). The United States filed suit in federal district court to enjoin Bolling from filing liens
against the federal officials and to expunge the liens already filed. In October 1992, the federal
court rendered a permanent injunction enjoining Bolling from any attempts to place liens on the
officials' property, enjoining the Secretary from accepting or recording a financing statement
relating to the federal officials and finding that the UCC financing statements were invalid. 
Bolling then filed the suit that underlies this appeal in which he requested the district court to
order the Secretary of State to file liens and not to expunge liens already filed. The Secretary of
State responded with a motion to dismiss on the basis that, because the federal court had already
decided the issues raised, the suit was frivolous and malicious and brought solely for harassment. 
The court concluded that both section 13.001 and rule 13 allowed dismissal and dismissed the suit.

 Bolling raises three points of error on appeal which, in sum, assert that the trial
court erred in dismissing the lawsuit. (1) A trial court may dismiss an action in which a plaintiff has
filed an affidavit of inability to pay if the court finds that the action is frivolous or malicious. Id.;
Johnson v. Peterson, 799 S.W.2d 345, 346 (Tex. App.--Houston [14th Dist. 1990, no writ). In
determining whether the action is frivolous or malicious, the court determines whether the claim
has an arguable basis in law or fact. Tex. Civ. Prac. & Rem. Code § 13.001(b)(2) (West Supp.
1995); Johnson v. Lynaugh, 800 S.W.2d 936, 938 (Tex. App.--Houston [14th Dist.] 1990, writ
denied). We review the trial court's decision for abuse of discretion. Dillon v. Ousley, 890
S.W.2d 500, 501 (Tex. App.--Corpus Christi 1994, no writ). In determining whether the trial
court abused its discretion, we determine whether the trial court acted without reference to any
guiding principles or whether the action was arbitrary or unreasonable. Metropolitan Life Ins. Co.
v. Syntek Fin. Co., 881 S.W.2d 319, 321 (Tex. 1994); Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). The fact that a trial court
may decide a matter differently than an appellate court in similar circumstances does not
demonstrate an abuse of discretion. Downer, 701 S.W.2d at 242.

 The trial court concluded that Bolling's claims had no arguable basis in law or fact. 
Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(2) (West Supp. 1995). We have reviewed the
record before this Court, which includes the federal district court order, and conclude that the trial
court did not abuse its discretion in dismissing the suit pursuant to section 13.001. Reading
Bolling's petition broadly, it presents no basis on which a court could grant relief against the
Secretary of State. See Perales v. Kinney, 891 S.W.2d 731, 732 (Tex. App.--Houston [1st Dist.]
1994, no writ)(courts must construe pro se inmates petition liberally); Spellmon v. Sweeney, 819
S.W.2d 206, 209 (Tex. App.--Waco 1991, no writ) (courts must construe pro se pleadings broadly
when determining whether the petition is frivolous). Because section 13.001 provides a basis for
the trial court's order, we do not address dismissal of the suit pursuant to rule 13. We overrule
the points of error and affirm the trial court judgment.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 12, 1995

Do Not Publish

1. [1]  The three points or issues are whether the court erred in (1) failing to take as true the
allegations within Bolling's complaint, (2) failing to take as true his affidavits, and (3) not
proceeding to trial on his complaint. As argument to support his points, Bolling cites only
Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983), in which the court stated that the federal
district court was required to take the allegations of the petition as true in considering the motion
to dismiss and to consider subsequently filed materials as amendments to the complaint. We read
Bolling's three points broadly to complain of the dismissal of the suit. See Williams v. Khalaf,
802 S.W.2d 651, 658 (Tex. 1990).