Daniel Raymond Campouris v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-389-CR

     DANIEL RAYMOND CAMPOURIS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 1999-520-C
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Campouris was indicted and convicted of aggravated sexual assault, sexual assault, and two
counts of indecency with a child. He alleges the trial court erred in not giving an instruction in
the jury charge limiting the jury’s consideration of extraneous offense evidence. We affirm the
judgment.ISSUE ON APPEALCampouris argues that the trial court committed error resulting in egregious harm by failing
to instruct the jury in the charge regarding the limitations on the use of extraneous offense
evidence. Extraneous offense evidence is admitted for all purposes unless there is a limiting
instruction at the time it is admitted. Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim. App.
1994); see also Hammock v. State, 46 S.W.3d 889, 892, 895 (Tex. Crim. App. 2001). After
Campouris filed his appeal the Texas Court of Criminal Appeals held that without a request for
a limiting instruction at the time the extraneous offense evidence was admitted the trial court does
not err by failing or refusing to give a limiting instruction in the jury charge. Id. Because
Campouris did not request a limiting instruction at the time the extraneous offense evidence was
admitted, a limiting instruction was not within the applicable law of the case to be included in the
jury charge. Id. at 895. Accordingly, the trial court did not err in failing to include a limiting
instruction in the jury charge. Campouris’ sole issue is overruled.CONCLUSION
      Having overruled Campouris’ only issue, the judgment is affirmed.
 
                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed February 27, 2002
Do not publish
[CRPM]



t">Id.
          The federal counterpart of section 13.001 is section 1915(d) of Title 28, which authorizes
federal courts to dismiss in forma pauperis suits "if the allegation of poverty is untrue, or if
satisfied that the action is frivolous or malicious." See 28 U.S.C.A. § 1915(d) (West 1966). 
While the federal statute does not contain guidelines for determining when a suit is frivolous, a
dismissal is proper if the claim has no arguable basis in law and fact. Varnado v. Lynaugh, 920
F.2d 320, 321 (5th Cir. 1991); Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989), cert.
denied, ——— U.S. ———, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); Pugh v. Parish of St.
Tammany, 875 F.2d 436, 438 (5th Cir. 1989). The rationale behind granting this power to trial
courts is to "prevent abusive or captious litigation" where the in forma pauperis litigant "lacks an
economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v.
Williams, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). "To this end, the statute
accords judges not only the authority to dismiss a claim based on an indisputably meritless legal
theory, but also the unusual power to pierce the veil of the complainant's factual allegations and
dismiss those claims whose factual contentions are clearly baseless." Id. at 1833 (emphasis
added). An example of an indisputably meritless legal theory occurs where the petition asserts
claims against which the defendants are immune from suit. Id. An example of factually baseless
contentions occurs where the petition describes claims arising out of fantastic or delusional
scenarios. Id.
          The trial court specified that Balawajder's cause was "dismissed as being frivolous and/or
malicious" because "the claim [had] no arguable basis in law or fact." See Tex. Civ. Prac. &
Rem. Code Ann. § 13.001(b)(2) (Vernon Supp. 1991). The trial court should be allowed broad
discretion when determining whether or not a suit filed pursuant to Rule 145 of the Texas Rules
of Civil Procedure should be dismissed as frivolous under section 13.001. Johnson v. Lynaugh,
766 S.W. 393, 394 (Tex. App.--Tyler 1989), writ denied per curiam, 796 S.W.2d 705 (Tex.
1990). Therefore, we must decide whether the trial court abused its discretion in determining that
Balawajder's suit was frivolous.
          Balawajder asserted in his brief that the action was brought pursuant to section 101.001 et
seq. of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§
101.001-101.109 (Vernon 1986 & Supp. 1991). The petition alleged that Balawajder suffered loss
of property, denial of due process of law, denial of equal protection of law, mental anguish,
anxiety, and loss of money when four ounces of coffee, three plastic drinking cups, two antenna
wires, and two packages of crackers were destroyed during a search of his prison cell. He asked
for $1,000 as compensatory damages and $10,000 as punitive damages.
          In evaluating the petition the court could have considered that the named defendants, as
employees of the state, were entitled to quasi-judicial immunity from damages. See Johnson v.
Peterson, 799 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1990, no writ). The court
could also have concluded that the damages were de minimis and, therefore, Balawajder's chances
of being successful at a trial were highly unlikely. 
          Recognizing that the test applicable under the federal statute is the one enumerated in our
statute as section 13.001(b)(2) ("a complaint . . . is frivolous where it lacks an arguable basis in
law or in fact"), we conclude that the dismissal of Balawajder's claims under 13.001(b)(2) would
have been amply justified because the claim had no arguable basis in fact. See Tex. Civ. Prac.
& Rem. Code Ann. § 13.001(b)(2) (Vernon Supp. 1991). Because the damages were de minimis,
the court could have "pierced the veil" of Balawajder's factual allegations and concluded that the
allegations were of the type whose factual contentions are clearly baseless. See Neitzke, 490 U.S.
at ———, 109 S.Ct. at 1833, 104 L.Ed.2d 338. Thus, we conclude that the court did not abuse
its discretion when it dismissed Balawajder's petition for the reason stated. See Johnson v.
Lynaugh, 800 S.W.2d 936, 938 (Tex. App.--Houston [14th Dist.] 1990, writ granted). 
Balawajder's sole point of error is overruled.
          We affirm the judgment of dismissal.



                                                                                           BOBBY L. CUMMINGS
                                                                                           Justice

Before Chief Justice Thomas,
          Justice Vance, and
          Justice Cummings
Affirmed
Opinion delivered and filed October 16, 1991 
Do Not Publish