IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00039-CV

 

In
re Bonnie R. Echols

 

 



Original Proceeding

 



MEMORANDUM
OPINION



 

The petition for writ of mandamus is
dismissed as moot.

 

 

 

 

                                                                                                BILL
VANCE

                                                                                                Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Petition
dismissed as moot

Opinion
delivered and filed June 21, 2006

[OT06]






y in the affidavit is false; or
(2) the action is frivolous or malicious.
(b) In determining whether an action is frivolous or malicious, the court may
consider whether:
(1) the action's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact; or
(3) it is clear that the party cannot prove a set of facts in support of
the claim.
(c) An action may be dismissed under Subsection (a) as frivolous or malicious
either before or after service of process.
Id.
          The court found "it is clear that the party cannot prove a set of facts in support of the
claim." See id. at § 13.001(b)(3). Because of recent federal decisions, a dismissal under section
13.001(b)(3) is no longer appropriate. See Neitzke v. Williams, 490 U.S. 319, ———, 109 S.Ct.
1827, 1834, 104 L.Ed.2d 338 (1989); Pugh v. Parish of St. Tammany, 875 F.2d 436, 438 (5th
Cir. 1989); Johnson v. Lynaugh, 800 S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1990,
writ granted). The federal counterpart of section 13.001 is section 1915(d) of Title 28, which
authorizes federal courts to dismiss in forma pauperis suits "if t he allegation of poverty is untrue,
or if satisfied that the action is frivolous or malicious." See 28 U.S.C.A. § 1915(d) (West 1966). 
While the federal statute does not contain guidelines for determining when a suit is frivolous, a
dismissal is proper if the claim has no arguable basis in law and fact. Varnado v. Lynaugh, 920
F.2d 320, 321 (5th Cir. 1991); Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989), cert.
denied, ——— U.S. ———, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); Pugh, 875 F.2d at 438. The
rationale behind granting this power to trial courts is to "prevent abusive or captious litigation"
where the in forma pauperis litigant "lacks an economic incentive to refrain from filing frivolous,
malicious, or repetitive lawsuits." Neitzke, 490 U.S. at ———, 109 S.Ct. at 1831, 104 L.Ed.2d
338. "To this end, the statute accords judges not only the authority to dismiss a claim based on
an indisputably meritless legal theory, but also the unusual power to pierce the veil of the
complainant's factual allegations and dismiss those claims whose factual contentions are clearly
baseless." Id. at ———, at 1833 (emphasis added). An example of an indisputably meritless legal
theory occurs where the petition asserts claims against which the defendants are immune from suit. 
Id. An example of factually baseless contentions occurs where the petition describes claims arising
out of fantastic or delusional scenarios. Id.
          The court also specified that Adams's petition was dismissed because "the action's realistic
chance of ultimate success [was] slight." See Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(1)
(Vernon Supp. 1991). The petition alleged that the action was brought pursuant to chapter 134
of the Texas Civil Practice and Remedies Code and that he sustained damages because his broken
glasses and a AA battery were confiscated. See id. at §§ 134.001-134.005 (Vernon Supp. 1991). 
Without referring to any specific section, he also generally asserted that the defendants' acts
violated the provisions of chapter 39 of the Penal Code. See Tex. Penal Code Ann. §§ 39.01-39.04. 
          Section 13.001 provides that a court may dismiss a cause as frivolous before service of
process if the action's realistic chance of success is slight. Tex. Civ. Prac. & Rem. Code Ann.
§ 13.001(b)(1) (Vernon Supp. 1991). In evaluating the petition the court could have considered
that the named defendants, as employees of the state, were entitled to quasi-judicial immunity from
damages. See Johnson v. Peterson, 799 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.]
1990, no writ). The court could also have concluded that the dispute essentially arose over
whether the broken glasses were contraband, as defined by the administrative regulations of the
prison, and that there was no substance to the allegations that their confiscation amounted to theft. 
Additionally, the court could also consider that Chapter 39 of the Penal Code creates no private
rights of action—its provisions are purely penal in nature. Thus, we conclude that the court did
not abuse its discretion when it dismissed Adams's petition for the reason stated. See Johnson,
800 S.W.2d at 938; Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (Vernon Supp. 1991).
          Recognizing that our Supreme Court has declined to "imply approval of a dismissal of an
action based solely upon section 13.001(b)(1)," that the test applicable under the federal statute
is the one enumerated in our statute as section 13.001(b)(2) ("a complaint . . . is frivolous where
it lacks an arguable basis in law or in fact"), and that our duty is to affirm the dismissal if it was
proper under any legal theory, we conclude that the dismissal of Adams's claims under
13.001(b)(2) would have been amply justified because the claim had no arguable basis in fact. See
Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Ross v. Walsh, 629 S.W.2d 823, 826
(Tex. App.—Houston [14th Dist.] 1982, no writ); Tex. Civ. Prac. & Rem. Code Ann. §
13.001(b)(1), (2) (Vernon Supp. 1991). Because the dispute was essentially over the classification
of the broken glasses as contraband, the court could have "pierced the veil" of Adams's factual
allegations and concluded that the allegations were of the type whose factual contentions are
clearly baseless. See Neitzke, 490 U.S. at ———, 109 S.Ct. at 1833, 104 L.Ed.2d 338. We
overrule Adams's point.
          We affirm the judgment of dismissal.



                                                                                           BILL VANCE
                                                                                           Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 1, 1991 
Do not publish