In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00023-CV


______________________________




CHARLES LOPEZ, Appellant



V.



JOHN RUPERT, ET AL., Appellees




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 06-C0239-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Charles Lopez appeals from a judgment dismissing his lawsuit without prejudice. While an
inmate at the Barry Telford Unit of the Texas Department of Criminal Justice-Institutional Division
(TDCJ), Lopez claims prison officials conspired to delay his "law library lay-ins," to deny access to
the courts, to deny access to legal resources, to withhold trial transcripts, to open and read
confidential  legal  correspondence,  and  to  retaliate  against  Lopez  for  filing  suit.  On  or  about
May 9, 2005, Lopez brought suit alleging a conspiracy to deprive him of rights guaranteed by both
the Texas Constitution and the United States Constitution. The trial court dismissed the original suit. 
On or about February 15, 2006, Lopez brought a second suit alleging the same conduct. The trial
court dismissed the second suit without prejudice January 10, 2007. Lopez appeals from that
dismissal.

 The standard for review of a dismissal under Chapter 14 is whether the court abused its
discretion. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.--Waco 1996, no writ); Johnson v.
Peterson, 799 S.W.2d 345, 347 (Tex. App.--Houston [14th Dist.] 1990, no writ). Abuse of
discretion is determined by whether the court acted without reference to any guiding principles. 
Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Thus, the
question is whether the court acted in an arbitrary or unreasonable manner. Smithson v. Cessna
Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984).

 Section 14.005 of the Texas Civil Practice and Remedies Code requires that an inmate file
both (1) an affidavit or unsworn declaration stating the date the grievance was filed and the date the
written decision described by Section 501.008(d) of the Texas Government Code was received by
the inmate, and (2) a copy of the form denying the inmate relief. Tex. Civ. Prac. & Rem. Code
Ann. § 14.005(a)(1), (2) (Vernon 2002). An inmate may not file a claim in state court regarding
operative facts for which the TDCJ grievance system provides the exclusive administrative remedy
until the inmate receives a written decision issued by the highest authority provided for in the
grievance system, or the 180th day after the date the grievance is filed, if the inmate has not received
a written decision. Tex. Gov't Code Ann. § 501.008(d) (Vernon 2004). An inmate who files a
claim that is also subject to the grievance system must file an affidavit stating the date a grievance
was filed and the date a written decision was received, along with a copy of the written decision. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a).

 Lopez claims the trial court erred in dismissing his suit for failure to exhaust administrative
remedies. (1) According to Lopez, the record affirmatively demonstrates he exhausted his
administrative remedies. Lopez, though, has failed to direct us to where the record supports this
contention. The trial court's order of dismissal does not specify why the case was dismissed. The
only grievance specifically referenced in Lopez' brief is grievance number 2005057338. Lopez
concedes this grievance was filed January 10, 2005. The "Step 2" of grievance number 2005057338
was apparently disposed of February 9, 2005. Because Lopez did not file suit until February 15,
2006, any claim based on grievance 2005057338 was not timely filed. A trial court must dismiss
an inmate's lawsuit if the record before the court shows that the inmate failed to file his or her claim
in the trial court within thirty-one days of having exhausted all administrative remedies. Tex. Civ.
Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002).

 Although there are numerous other grievances in the record, Lopez has failed to direct us to
which grievance or grievances form the basis of his suit. (2) Appellate courts have no duty to make an
independent search of the reporter's record to find support for an appellant's contentions. Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 283 (Tex. 1994). In order to address the other
grievances contained in the record, we would have to address unassigned error. In essence, we
would have to brief Lopez' appeal for him. This we decline to do. It is not the proper role of this
Court to create arguments for an appellant--we will not do the job of the advocate. See Maranatha
Temple, Inc. v. Enter. Prods. Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ
denied). Any error based on other grievances has been waived due to inadequate briefing. See Tex.
R. App. P. 38.1. Because any error concerning grievances not referenced by Lopez in his brief has
been waived, it is not necessary for this Court to address the arguments raised by the State. (3) Lopez
has failed to show that the trial court erred in dismissing his lawsuit. 

 We affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: June 19, 2007

Date Decided: August 9, 2007
1. We note Lopez argues he is unable to exhaust his administrative remedies because the
grievance coordinator is part of the conspiracy. Lopez also argues the trial court erred in dismissing
the suit before Lopez could adequately develop the record. The record does not support either
allegation. 
2. We note Lopez included an appendix to his brief. This appendix includes numerous
grievances, but fails to reference where, or even if, the attached grievances are contained in the
record.
3. The State argues that the affidavit of Russell B. Bailey, the deputy administrator of offender
grievances, affirmatively demonstrates Lopez failed to exhaust his administrative remedies. This
affidavit states no grievances were filed by Lopez between May 23, 2006 and August 28, 2006. The
affidavit also provides grievance number 2006012989 was returned unprocessed and was not
resubmitted within fifteen days as required under the TDCJ grievance rules. Last, the affidavit states
grievance number 2006032589 concerned "disciplinary not communication issues." According to
the State, the lawsuit contains different allegations and additional defendants than the grievances
Lopez claims to have filed. See Riddle v. TDCJ-ID, No. 13-05-00054-CV, 2006 Tex. App. LEXIS
1167 (Tex. App.--Corpus Christi Feb. 9, 2006, pet. denied) (mem. op.) (inmate failed to exhaust
administrative remedies against defendants not named in the grievances). 



ame="Medium List 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00167-CR

                                                ______________________________

 

 

                              WILLIAM ALBERT SCHATTE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 23007

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            William
Albert Schatte appeals from his convictions on his plea of guilty, made before
a jury, for aggravated sexual assault in four cases, and for one conviction for
indecency with a child.  In a unified
brief, he complains that the trial court committed reversible error at the
punishment phase that requires remanding the cause for a new hearing on
punishment.

            In
this case, he was convicted for aggravated sexual assault of a child, and was
sentenced to ninety-nine years imprisonment and a $10,000.00 fine.  

            Schatte
raises a single issue on appeal, in which he contends that the trial court
erred by admitting evidence of a prior bad actanal contact with the
victimalthough the State had not given him notice of its intent to use the
evidence, notwithstanding his request for such notice.  

            Because
the issue raised in each appeal is identical, for the reasons stated in our
opinion dated this day in Schatte v. State, cause number 06-10-00166-CR, we affirm the judgment of the
trial court.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
25, 2011

Date Decided:             May
26, 2011

 

Do Not Publish