IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00067-CR

 

M.B. Jackson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 14,077-C

 



ORDER



 








            Before the Court is Appellant M.B.
Jackson’s Petition for Out of Time Motion for New Trial.  The petition will be
dismissed for want of jurisdiction.

            The trial court signed an order on
December 12, 2007 under article 64.04 of the Code of Criminal Procedure finding
that that the postconviction DNA test results obtained in this case were
unfavorable to Jackson.  Jackson filed a notice of appeal in February 2008, and
this appeal was dismissed for want of jurisdiction because the notice of appeal
was untimely.  See Jackson v. State, No. 10-08-067-CR, 2008 WL 660506
(Tex. App.—Waco Mar. 12, 2008, no pet.).

            Jackson contends in his Petition for
Out of Time Motion for New Trial that this Court has jurisdiction to abate the
appeal so he can file an out-of-time motion for new trial.  We presume Jackson believes this would also extend the time for perfecting an appeal.  However, this
Court does not have jurisdiction to abate the appeal for an out-of-time motion
for new trial in a criminal case.  Benson v. State, 224 S.W.3d 485, 495 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (abrogating Jack v. State, 64 S.W.3d 694
(Tex. App.—Houston [1st Dist.] 2002), pet. dism’d, 149 S.W.3d 119 (Tex.
Crim. App. 2004) (per curiam)).  Cf. In re K.K., 180 S.W.3d 681, 687-89
(Tex. App.—Waco 2005, order) (per curiam) (abating parental rights termination
appeal for out-of-time motion for new trial).

            Therefore, we dismiss Jackson’s petition for want of jurisdiction.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the dismissal for lack of jurisdiction.  A separate
opinion will not issue.)

Petition dismissed

Order issued and filed
June 11, 2008

Do not publish

[CR25]

 






 490 U.S. 319, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989). Judges can dismiss
claims based on "indisputably meritless legal" theories as well as those whose "factual contentions
are clearly baseless." Id. 109 S.Ct. at 1833.
          Thompson claimed in his suit that the defendants confiscated and converted the following
items of personal property: five highlighters, an extension cord, four wooden 3x5 picture frames,
a stainless steel pen and pencil set, a mirror, three hospital bracelets, and a fan. He sought to
recover $30,000 compensatory damages, $10,000 exemplary damages from each defendant, court
costs, attorney's fees, reimbursement for all incidental expenses, and pre- and post-judgment
interest.
          A court has broad discretion when determining whether to dismiss a suit as frivolous. 
Johnson v. Lynaugh, 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989, writ denied). Here, the
court could have considered that the defendants, all state employees, were entitled to quasi-judicial
immunity from damages. See Johnson v. Peterson, 799 S.W.2d 345, 347 (Tex. App.—Houston
[14th Dist.] 1990, no writ). The court also could have concluded that the actual damages were
de minimus. Furthermore, because "prison officials have broad administrative and discretionary
authority over the institutions they manage and lawfully incarcerated persons retain only a narrow
range of protected liberty interests," the court could have determined that the defendants were
legally justified in confiscating Thompson's personal property. See Johnson v. Lynaugh, 800
S.W.2d 936, 938-39 (Tex. App.—Houston [14th Dist.] 1990, writ granted). 
          Accordingly, we hold that the court did not abuse its discretion when it dismissed the claim
as frivolous because it could have concluded that the suit had no arguable basis either in fact or
law. Point one is overruled.
          Point two is that the dismissal before service of process violated Thompson's constitutional
right to open access to the courts. He failed to make his constitutional challenge in the trial court. 
Rather than filing a motion to reinstate the suit in the trial court and raising the constitutional claim
there, Thompson appealed the dismissal order and alleged for the first time on appeal that it
violated his constitutional rights. 
          A constitutional challenge must be made in the trial court unless the challenge presents
fundamental error. Johnson, 800 S.W.2d at 939. Because Thompson's challenge does not raise
fundamental error, his complaint that the dismissal violated his constitutional right is not properly
before this court. See id.; Smiley v. Johnson, 763 S.W.2d 1, 4 (Tex. App.—Dallas 1988, writ
denied) (holding that fundamental error occurs under limited circumstances such as when the court
does not have jurisdiction or the public interest is directly and adversely affected). Accordingly,
point two is overruled.
          All points have been overruled and the order of a dismissal is affirmed. Because the
dismissal of Thompson's claim was without prejudice, he may bring this action again. If the trial
court dismisses the subsequent suit before service of process, Appellant could file a motion to
reinstate the suit, asserting the constitutional challenge, and, if denied, then on appeal his
constitutional challenge would be properly before us.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas and Justice Vance
          (Justice Cummings not participating)
Affirmed
Opinion delivered and filed July 25, 1991
Publish