Lawrence Edward **THOMPSON,**
Appellant,

v.

**James R. MANNIX, et al., Appellees.**

**No. 10–90–176–CV.**

Court of Appeals of Texas,
Waco.

July 25, 1991.

Lawrence Thompson, pro se.

Before THOMAS, C.J., and VANCE, J.

## OPINION

THOMAS, Chief Justice.

Lawrence Thompson, a prison inmate, filed a pauper's affidavit and a pro se petition alleging that James Mannix, Marie Faubin, R. Avants, Jane Doe, and James Collins, all employees of the Texas Department of Criminal Justice, wrongfully confiscated and converted his personal property. Relying on section 13.001 of the Civil Practice and Remedies Code, the court dismissed the suit before service of process on the ground that "the action's realistic chance of ultimate success is slight." *See* TEX.CIV.PRAC. & REM.CODE ANN. § 13.-001(b)(1) (Vernon Supp.1991). Thompson claims that the court erred when it dismissed his action as frivolous and that the dismissal violated the "open court" provision of the Texas Constitution. *See* TEX. CONST. art. I, § 13. The dismissal order will be affirmed.[1]

Thompson first asserts that the court erred when it dismissed the action as frivolous. Section 13.001 and its federal counterpart authorize the dismissal of pro se suits by paupers if the court is satisfied that the action is frivolous. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991); 28 U.S.C.A. § 1915(d) (West 1966). The rationale behind these statutes is to prevent a pauper litigant from filing "frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989). Judges can dismiss claims based on "indisputably meritless legal" theories as well as those whose "factual contentions are clearly baseless." *Id.* 109 S.Ct. at 1833.

Thompson claimed in his suit that the defendants confiscated and converted the following items of personal property: five highlighters, an extension cord, four wooden 3 × 5 picture frames, a stainless steel pen and pencil set, a mirror, three hospital bracelets, and a fan. He sought to recover $30,000 compensatory damages, $10,000 exemplary damages from each defendant, court costs, attorney's fees, reimbursement for all incidental expenses, and pre- and post-judgment interest.

A court has broad discretion when determining whether to dismiss a suit as frivolous. *Johnson v. Lynaugh,* 766 S.W.2d 393, 394 (Tex.App.—Tyler 1989, writ denied). Here, the court could have considered that the defendants, all state employees, were entitled to quasi-judicial immunity from damages. *See Johnson v. Peterson,* 799 S.W.2d 345, 347 (Tex.App.—Houston [14th Dist.] 1990, no writ). The court also could have concluded that the actual damages were *de minimus.* Furthermore, because "prison officials have broad administrative and discretionary authority over the institutions they manage and lawfully incarcerated persons retain only a narrow range of protected liberty interests," the court could have determined that the defendants were legally justified in confiscating Thompson's personal property. *See Johnson v. Lynaugh,* 800 S.W.2d 936, 938–39 (Tex.App.—Houston [14th Dist.] 1990, writ granted).

---

1. This case follows the same rationale and is substantially similar to two other cases decided by this court today: *Thompson v. Ereckson,* 814 S.W.2d 805 (Tex.App.—Waco 1991, no writ) and *Birdo v. Ament,* 814 S.W.2d 808 (Tex.App.—Waco 1991, no writ).

Accordingly, we hold that the court did not abuse its discretion when it dismissed the claim as frivolous because it could have concluded that the suit had no arguable basis either in fact or law. Point one is overruled.

 Point two is that the dismissal before service of process violated Thompson's constitutional right to open access to the courts. He failed to make his constitutional challenge in the trial court. Rather than filing a motion to reinstate the suit in the trial court and raising the constitutional claim there, Thompson appealed the dismissal order and alleged for the first time on appeal that it violated his constitutional rights.

A constitutional challenge must be made in the trial court unless the challenge presents fundamental error. *Johnson*, 800 S.W.2d at 939. Because Thompson's challenge does not raise fundamental error, his complaint that the dismissal violated his constitutional right is not properly before this court. *See id.; Smiley v. Johnson*, 763 S.W.2d 1, 4 (Tex.App.—Dallas 1988, writ denied) (holding that fundamental error occurs under limited circumstances such as when the court does not have jurisdiction or the public interest is directly and adversely affected). Accordingly, point two is overruled.

All points have been overruled and the order of a dismissal is affirmed. Because the dismissal of Thompson's claim was without prejudice, he may bring this action again. If the trial court dismisses the subsequent suit before service of process, Appellant could file a motion to reinstate the suit, asserting the constitutional challenge, and, if denied, then on appeal his constitutional challenge would be properly before us.

CUMMINGS, J., not participating.