NO. 07-03-0496-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 12, 2004
_____

PERRY LEE HAMMONDS,

Appellant

v.

RODINA CAMP and TULLY LEFFEW,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 89,413-1; HON. W. F. ROBERTS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN and REAVIS, JJ. and BOYD, SJ.[1]

Appellant Perry Lee Hammonds, an indigent inmate, appeals an order dismissing his lawsuit. Though espousing causes of action sounding in tort claims and constitutional rights, he simply desired to recover damages for the purported deprivation of his property. The property consisted of two chess sets, a pair of shower shoes, and a sweatshirt. Furthermore, Rodina Camp (an employee of the Texas Department of Criminal Justice)

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

purportedly removed the items from his cell while Tully Leffew (another employee of the department) failed to return them. The trial court dismissed the suit pursuant to the authority granted in Chapter 14 of the Civil Practice and Remedies Code. Through one issue, Hammonds asserts that the dismissal was improper. We affirm the order.

A trial court has broad discretion to determine whether a case should be dismissed under Chapter 14 of the Texas Civil Practice and Remedies Code. *Retzlaff v. Texas Dept. of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.–Houston [14th Dist.] 2002, pet. denied); *Montana v. Patterson,* 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). And, before we can interfere with the exercise of that discretion, the inmate must show that the trial court acted arbitrarily or unreasonably in light of all the circumstances in the case, *i.e.* whether the trial court acted without reference to any guiding rules and principles. *Lewis v. Johnson,* 97 S.W.3d 885, 886-87 (Tex. App.–Corpus Christi 2000, no pet.). Next, under §14.003(a)(2), a cause may be dismissed if it is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a)(2) (Vernon 2002).

As previously mentioned, Hammonds complains of the decision by Camp and Leffew to confiscate his property. Furthermore, these acts purportedly evinced a denial of due process and an intentional or malicious "deprivation of property." As to the former cause, Hammonds is mistaken. Because he has available to him both a common law remedy for conversion and an administrative remedy, his complaints (assuming they are true) do not evince a denial of due process, as a matter of law. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (stating that deprivations of property caused by the misconduct of state officials do not infringe upon notions of constitutional due process if adequate state post-deprivation remedies exist and in Texas the tort of conversion is such a remedy); *Aguilar*

*v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. App.–Tyler 1996, writ denied) (holding that a prison official's unauthorized deprivation of an inmate's property is not a constitutional violation since the Texas Legislature has provided an administrative remedy to pay a claim for lost or damaged property via §§501.007 and 501.008 of the Texas Government Code). So, the trial court had basis to dismiss the due process allegation as frivolous.

As to the allegation that he was intentionally or maliciously deprived of property, Hammonds can pursue recovery through the tort of conversion. However, the amount recoverable is the reasonable market value of the property at the time of the conversion. *Peter Salpeter Energy Co. v. Crystal Oil Co.*, 524 S.W.2d 383, 385 (Tex. Civ. App.–Corpus Christi 1975, writ ref'd n.r.e.). As illustrated in his petition and construing it in a light most favorable to him, the purported value of the property confiscated was $50.[2] This is of import since a county court at law, like that which dismissed his suit, cannot entertain a claim for $50. Disputes involving amounts in controversy between $.01 and $200 (inclusive) fall within the exclusive jurisdiction of a justice of the peace court. TEX. CONST. art. V, §19. And, that Hammonds also sought punitive damages and interest matters not for those cannot be included in the equation when calculating the jurisdiction of a county court at law. TEX. GOV'T CODE ANN. §25.0003(c)(1) (Vernon 2004). Accordingly, the trial court had basis to dismiss the claim for the want of jurisdiction.

Next, we find one other basis for overruling Hammonds' issue. It is the doctrine of *de minimis non curiat lex*. *See Smith v. Stevens*, 822 S.W.2d 152 (Tex. App.–Houston [1st Dist.] 1991, writ denied) (construing the phrase as meaning that the law cares not for small

---

[2]Hammonds pled for "$50 for the actual property and commissary goods" taken. That he also sought $10 per day "for denying [him] the use of his personal property" is of no consequence since that falls outside the measure of recovery under the law.

things).  That doctrine has been used to dismiss suits filed by inmates over the confiscation of property.  *See id.* (involving the confiscation of a coffee bag and two packs of cigarettes). Furthermore, in *Thompson v. Mannix*, 814 S.W.2d 811, 812 (Tex. App.–Waco 1991, no writ) the reviewing court concluded that the trial court could have justifiably invoked the doctrine to dismiss Thompson's claim for damages.  He sought recovery for the conversion of five highlighters, an extension cord, four small wooden picture frames, a stainless steel pen and pencil set, a mirror, three hospital bracelets, and a fan.  *Id.* at 812.  The nature of the injury when suing to recover for the loss of two shower shoes, two chess sets, and a sweatshirt is not different from that involved in *Mannix*.  This is especially so when the complainant is asking the government to fund his litigation via a request to proceed as a pauper.  To paraphrase *Smith*, any error that may exist due to the dismissal of the suit is harmless because the amount of actual damages involved is insignificant.  *Smith v. Stevens*, *supra* (so holding).

Finally, whether a trial court convenes a hearing before dismissing the cause is a matter within its discretion.  *Spurlock v. Schroedter*, 88 S.W.3d 733,736 (Tex. App.–Corpus Christi 2002, no pet.).  Thus, the decision to forego a hearing is not error, contrary to Hammonds' suggestion.  *Id.*

Finding no arbitrary or unreasonable conduct on the part of the trial court, we affirm its order of dismissal.


Brian Quinn
Justice


4