NO. 07-11-00437-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2012

GEORGE JONES, APPELLANT

v.

ELLEN COPELAND, APPELLEE

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 36,648; HONORABLE LEE WATERS, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, George Jones, an inmate proceeding *pro se*, appeals the trial court's dismissal of his suit filed against Ellen Copeland. Jones contends that the trial court abused its discretion by dismissing his suit as frivolous. We will affirm.

Factual and Procedural History

Jones filed grievances against Copeland in association with his claims that Copeland, property officer at the Jordan Unit of the Texas Department of Criminal Justice, wrongfully confiscated some of Jones's personal property and mishandled his legal materials. He claimed that, by mishandling his legal materials, Copeland

destroyed the folders housing those materials and, consequently, "absolutely disrupted [Jones's] legal materials."

Jones had been transferred from the Segovia Unit and arrived at the Jordan Unit in May 2011, at which time he claims Copeland confiscated his property, including legal papers, pens, carbon paper, coffee, envelopes, and a padlock, that he had been stocking up on since 2008 in anticipation of his release. Apparently, twenty-two hours later, prison officials returned his legal materials, both the unbound papers and the accordion folders. He was displeased, however, with the condition of his returned materials and maintained that Copeland had damaged his storage folders and taken fourteen pieces of carbon paper. In connection with these complaints, he filed a grievance. Jones also sought the return of his non-legal property by way of I-60s, but, when he says he got no response to his several requests, he also filed a grievance in connection with the handling of his non-legal property.

In grievance no. 2011172110, Jones claimed that Copeland denied him his constitutional right of access to the courts by dumping his active legal papers into a property bag, causing damage to his storage folders and causing his papers to become disorganized. He also claimed that Copeland scanned through his legal materials. He sought replacement of his folders and fourteen pieces of carbon paper he also alleged were taken or destroyed in the process. In its response, the prison grievance system maintained that the accordion folders were already in "unusable condition" and that it is within prison system guidelines to inventory all inmate property upon arrival at a unit.

2

Copeland denied having read Jones's legal materials and denied having confiscated or destroyed fourteen pieces of carbon paper.

In grievance no. 2011172103, Jones claimed that Copeland wrongfully confiscated non-legal property, including five pens, two and one-half bags of coffee, and a padlock for her own personal use. The response to this grievance concluded that the coffee and padlock were confiscated because ownership or legitimate possession of those items was in question. The response further noted that five pens were taken from Jones per TDCJ policy but further noted that Jones was left with two pens.

Jones then sought review of the prison system's grievance responses by way of his petition which he timely filed in the 223rd District Court of Gray County on September 1, 2011. Jones complains that, although prison officials did return his legal materials, the materials were not returned in the condition in which Copeland took them. He complains that papers relating to active legal matters were "in total disarray" and that, as a result, he had to spend "a vast amount of time attempting to reorganize his legal papers," time he would have otherwise spent preparing for his federal trial. He claims to never have received his remaining, non-legal property. He sought $3,000.00 in punitive damages from Copeland as a result of her mishandling of his legal materials. He appears to have sought the return of or compensation for his other, non-legal property.

The trial court dismissed Jones's suit as frivolous, concluding that Jones's claim had no arguable basis in law or in fact and that his realistic chances of ultimate success were slight. In his brief, Jones takes issue with the trial court's conclusions and

3

contends his claims relating to both legal materials and non-legal property are meritorious.

## Dismissal under Chapter 14

Chapter 14 of the Texas Civil Practice and Remedies Code applies to an inmate's suit in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2011). Among the several grounds on which a trial court may dismiss a suit subject to Chapter 14, either before or after service of process, is the finding that the inmate's suit is frivolous or malicious. See id. § 14.003(a)(2) (West 2002). In determining whether a claim is frivolous, the trial court may consider whether the following circumstances are present: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. Id. § 14.003(b).

The trial court has broad discretion to dismiss an inmate's claim as frivolous. Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex.App.—Corpus Christi 2002, no pet.). Generally, we review a trial court's dismissal of a lawsuit subject to Chapter 14 for an abuse of discretion. In re Douglas, 333 S.W.3d 273, 293 (Tex.App.—Houston [1st Dist.] 2010, pet. denied).

The trial court concluded that Jones's claims had no arguable basis in law or fact. However, when a trial court dismisses a claim without a hearing, as it did here, the issue on appeal is limited to whether the claim had no arguable basis in law. Moreland v.

4

Johnson, 95 S.W.3d 392, 394 (Tex.App.—Houston [1st Dist.] 2002, no pet.). The issue of whether a claim has an arguable basis in law is a legal question that we review *de novo*. Id.; Retzlaff v. Tex. Dep't of Crim. Justice, 94 S.W.3d 650, 653 (Tex.App.—Houston [14th Dist.] 2002, pet. denied). To determine whether there is an arguable basis in law, we examine the types of relief and causes of action pleaded in the petition to determine whether the petition states a cause of action that would authorize relief. See Hamilton v. Williams, 298 S.W.3d 334, 339 (Tex.App.—Fort Worth 2009, pet. denied); Spurlock, 88 S.W.3d at 736. We review and evaluate *pro se* pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. See Minix v. Gonzales, 162 S.W.3d 635, 637 (Tex.App.—Houston [14th Dist.] 2005, no pet.) (calling on courts to view *pro se* petition with "liberality and patience" and citing Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). In reviewing the trial court's dismissal in this particular context, we must take as true the allegations in Jones's petition. See Scott v. Gallagher, 209 S.W.3d 262, 266 (Tex.App.—Houston [1st Dist.] 2006, no pet.). Courts may consider a claim as one having no arguable basis in law when either the legal theory on which the claim is based is indisputably meritless or the factual allegations on which it is based are wholly incredible or irrational. Nabelek v. Dist. Att'y of Harris Cnty., 290 S.W.3d 222, 228 (Tex.App.—Houston [14th Dist.] 2005, pet. denied). An inmate's cause of action may not be dismissed, however, merely because the court considers the allegations "unlikely." Minix, 162 S.W.3d at 637.

With the applicable law and standards of review in mind, we turn to the two primary claims Jones presented to the trial court.

5

Access to Courts Claim

Taking as true Jones's allegations that Copeland mishandled his legal material so badly that he had to spend a good deal of time reorganizing and regrouping his legal materials, we must determine whether his petition stated a cause of action that could authorize relief. See Hamilton, 298 S.W.3d at 339. Jones specifically complains that Copeland's mishandling of his legal materials amounted to an intentional interference with his constitutional right of access to courts because he was forced to spend a good deal of time regrouping his materials after prison officials returned them to him. This time, he claims, would have otherwise been spent preparing for his upcoming federal trial.

An inmate has a constitutional right of access to courts. Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). To establish a denial of access to the courts, however, an inmate must demonstrate "actual injury" as a result of the alleged violative conduct. See Lewis v. Casey, 518 U.S. 343, 349–51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); McDonald v. Steward, 132 F.3d 225, 230–31 (5th Cir. 1998); Brewer v. Simental, 268 S.W.3d 763, 771 n.2 (Tex.App.—Waco 2008, no pet.). That is, he must establish that "his position as a litigant was prejudiced by his denial of access to the courts." See McDonald, 132 F.3d at 230–31; see also Hamilton v. Pechacek, 319 S.W.3d 801, 815 (Tex.App.—Fort Worth 2010, no pet.) (concluding that inmate could not prevail on access-to-courts claim when he failed to allege how the claimed destruction of his legal documents impacted his position as litigant).

Even taking as true the factual allegations that Copeland's less than careful handling of Jones's folders caused his legal documents to be in disarray and that, consequently, Jones had to spend a great deal of time reorganizing the papers in preparation for federal trial, such an inconvenience or expenditure of time is not sufficient under the law to constitute a denial of access to courts. See Hamilton, 319 S.W.3d at 815; see also Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982) (concluding inmate was not denied access to courts when "he submitted the document later than he would have liked but prior to the date it was due"). Jones indicated that he was, in fact, able to pursue his claims in federal court. Any effect that having to reorganize would have caused in his preparation for trial is speculative, at best, and not an actual injury recognized by the law. In his grievance addressing the matter, Jones's own allegations demonstrate the speculative nature of his injury by explaining that Copeland's mishandling of the papers "may have caused legal injury by setting me back several days at such a critical moment." He goes on to explain that it "took [him] 22 hours to get [his] active legal materials in some type of similar order." We add that Copeland's alleged mishandling of Jones's materials occurred nearly one month prior to the date he identified as his federal court date. Because Jones fails to allege an actual injury as recognized by law, his stated claim does not authorize relief as requested. Therefore, his access-to-courts claim has no arguable basis in law. Based on the law as applied to the allegations before it, the trial court did not abuse its discretion in so concluding. We overrule Jones's first issue.

Wrongful Confiscation of Coffee, Pens, and Padlock

Jones also complains that he was denied due process when Copeland wrongfully confiscated five of his ink pens, two and one-half bags of coffee, and a padlock. However, "[d]eprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist." Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994); see Hudson v. Palmer, 468 U.S. 517, 534–35, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Aguilar v. Chastain, 923 S.W.2d 740, 743–44 (Tex.App.—Tyler 1996, writ denied).

In the context of wrongful confiscation or destruction of inmate property, the Legislature has provided an administrative remedy to pay inmates' claims for property lost or damaged by the TDCJ. See TEX. GOV'T CODE ANN. §§ 501.007, .008 (West 2004); Aguilar, 923 S.W.2d at 744. Further, Jones has a state-law cause of action to remedy the wrongs he alleges. See Murphy, 26 F.3d at 543 (observing that deprivations of property caused by the misconduct of state officials do not infringe upon notions of constitutional due process if adequate state post-deprivation remedies exist and, in Texas, the tort of conversion is such a remedy); see also Hammonds v. Camp, No. 07-03-00496-CV, 2004 Tex. App. LEXIS 3293, at *3 (Tex.App.—Amarillo Apr. 12, 2004, no pet.) (mem. op.) (concluding that inmate's complaints "do not evince a denial of due process, as a matter of law," "[b]ecause he has available to him both a common law remedy for conversion and an administrative remedy").

Thus, Jones has no arguable due process claim. He makes no allegation that the post-deprivation remedies are inadequate; rather, he merely expresses his

8

dissatisfaction with the responses to his grievance filed in connection with the confiscation. Accordingly, we conclude Jones's due process claim had no arguable basis in law. See Aguilar, 923 S.W.2d at 744. Based on the law and the allegations before it, the trial court could have come to the same conclusion and therefore did not abuse its discretion by dismissing Jones's due process claim as frivolous.

If, reading Jones's allegations with "liberality and patience," we treat his allegations as ones advancing his state-law remedy of a cause of action in conversion, we first note that such allegations are rather vague and conclude that such claims have no arguable basis in law. To establish conversion of personal property, a plaintiff must prove that (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. Apple Imps. v. Koole, 945 S.W.2d 895, 899 (Tex.App.—Austin 1997, writ denied).

Here, the grievance response indicated that "ownership/legitimate possession is questioned" with respect to the coffee, pens, and padlock. As to the five ink pens specifically, the grievance response concluded that Jones was not permitted by TDCJ rules to possess as many pens as he did.[1] That said, Jones cannot show that (1) he

---

[1] "[P]rison officials have broad administrative and discretionary authority over the institutions they manage and lawfully incarcerated persons retain only a narrow range of protected liberty interests." Johnson v. Lynaugh, 800 S.W.2d 936, 938–39 (Tex.App.—Houston [14th Dist.] 1990, writ denied); see Thompson v. Mannix, 814 S.W.2d 811, 812 (Tex.App.—Waco 1991, no writ).

owned or had legal possession of the property or (2) Copeland wrongfully deprived him of that property. His claim for conversion of an impermissible number of pens fails because he cannot establish the requisite elements, and his claim therefore had no arguable basis in law.

Similarly, with respect to the coffee and padlock, the grievance response indicated that "ownership/legitimate possession" was in question. The record before both the trial court and this Court demonstrate that, per TDCJ policy and as was documented, prison officials confiscated property the ownership or legitimate possession of which was questioned. The response concluded that reviewed "[r]ecords . . . cannot sustain that you had authorized possession of the items" at issue. With that, Jones's claim regarding wrongful confiscation of two and one-half bags of coffee and a padlock fails as a result of his failure to allege that, despite the grievance system's conclusions regarding authorized possession and implementation of TDCJ policy, he did legally possess those items. He does allege that he had them at the unit at which he was previously incarcerated. In light of the broad authority the TDCJ holds to confiscate unauthorized items within the prison system and the grievance system's conclusion that Jones was not authorized to have the coffee, padlock, and extra pens, Jones could not arguably prove the legal or authorized possession element of a conversion cause of action. Based on the record before it and the law applicable to Jones's claims, the trial court did not abuse its discretion by concluding that Jones's claim requesting compensation for wrongfully confiscated property had no arguable basis in law.

As an additional basis for concluding that Jones's claims have no arguable basis in law, we add that this Court, among several others, has employed the doctrine of *de minimis non curat lex*–that is, "[t]he law does not concern itself with trifles"–to affirm the dismissal as frivolous of suits brought by inmates over the claimed confiscation by prison employees of property having insignificant value. BLACK'S LAW DICTIONARY 496 (9th ed. 2009); see Brown v. Cockrell, No. 07-03-00139-CV, 2005 Tex. App. LEXIS 2131, at *5–6 (Tex.App.—Amarillo Mar. 21, 2005, no pet.) (mem. op.) (finding doctrine applicable when inmate sought recovery for confiscation of postage stamps); Hammonds, 2004 Tex. App. LEXIS 3293, at *5 (applying doctrine when inmate sued to recover for loss of two shower shoes, two chess sets, and a sweatshirt); Pennington v. Peterson, No. 13-96-00344-CV, 1998 Tex. App. LEXIS 573, at *5–6 (Tex.App.—Corpus Christi Jan. 29, 1998, pet. denied) (concluding the law did not concern itself with inmate's claim seeking recovery of $3.15 for property confiscated upon arrival at new prison unit); Smith v. Stevens, 822 S.W.2d 152, 152 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (concluding that the law was not concerned with claims involving the confiscation of a coffee bag and two packs of cigarettes); Thompson, 814 S.W.2d at 812 (finding trial court could have invoked doctrine when inmate sought recovery for the conversion of five highlighters, an extension cord, four small wooden picture frames, a stainless steel pen and pencil set, a mirror, three hospital bracelets, and a fan). Any error associated with the dismissal would be harmless because the amount of damages sought is insignificant. See Hammonds, 2004 Tex. App. LEXIS 3293, at *5–6; Smith, 822 S.W.2d at 152.

The trial court could have concluded that, based on the same doctrine, Jones's claims seeking compensation for or the return of two and one-half bags of coffee, five pens, and a padlock were *de minimus* and therefore lacked an arguable basis in the law when the law does not concern itself with such a trifling matter. Further, because Jones's claims lacked an arguable basis in the law, a natural consequence of their lack of basis is that their "realistic chance of ultimate success is slight." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1). The trial court did not abuse its discretion by dismissing as frivolous Jones's claims of wrongful confiscation of his non-legal property.

Conclusion

Having overruled Jones's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice