In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00251-CV

_____

**NATHANIEL JONES III, Appellant**

**V.**

**R. ALFORD, ET AL, Appellees**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-191,576**

**MEMORANDUM OPINION**

Nathaniel Jones III, a prison inmate proceeding *in forma pauperis*, filed suit against Richard Alford, Darren B. Wallace, and David Pille, employees of the Texas Department of Criminal Justice. The trial court dismissed Jones's petition for failure to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code.

CHAPTER 14

With exceptions not applicable here, Chapter 14 applies to inmate suits

1

accompanied by an affidavit or unsworn declaration of inability to pay costs. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (West Supp. 2012). An appellate court reviews a trial court's dismissal of the inmate's suit for abuse of discretion. *See Thompson v. Tex. Dep't of Criminal Justice-Institutional Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court may dismiss a claim that is frivolous or malicious. *Id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002). If, as in this case, the trial court dismisses a claim without conducting an evidentiary hearing, the issue is whether the claim has an arguable basis in law. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). A claim does not have an arguable basis in law if the claim is based on a meritless legal theory, or if the inmate failed to exhaust his administrative remedies. *Id.*

## BACKGROUND

Jones claims he was denied use of the prison law library. He was pursuing an appeal of his criminal conviction and litigating a civil case. *See Jones v. State*, Nos. 01-10-00821-CR, 01-10-00822-CR, 2011 WL 4612655 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, pet. ref'd) (mem. op., not designated for publication); *see also Jones v. Sulla*, No. 14-11-00269-CV, 2012 WL 2048216 (Tex. App.—Houston [14th Dist.] June 7, 2012, no pet.) (mem op.). In response to Jones's

2

grievance, the prison official indicated that Jones did not properly submit the request form. Jones requested additional time in the library, and his request was denied. He asked Pille why his requests were denied. Wallace, an assistant warden, overheard the conversation and told Jones that Pille did not have to explain why. Jones then stated he would pursue the matter in court. Jones indicated Wallace became irate and accused Jones of assaulting him.

Wallace filed a disciplinary charge against Jones. Apparently, Wallace stated that Jones poked him in the chest. A disciplinary hearing was held. Jones indicates he was found guilty of attempted unauthorized contact; he was sent to solitary confinement for fifteen days; his commissary and recreation privileges were restricted; and his "line class reduction" was changed.

Jones sued the defendants. His petition asserts that they were "acting under color of state law[,]" and that he was deprived of various constitutional privileges. *See* 42 U.S.C.S. § 1983. He seeks monetary damages, as well as declaratory and injunctive relief. In his amended petition, Jones asserts three claims: (1) that Wallace assaulted and retaliated against him because of his exercise of his constitutional right of free speech; (2) that defendants denied him access to the law library and to the courts; and (3) that defendants violated his due process rights regarding videotape surveillance.

## EXHAUSTION OF REMEDIES

Appellees argue Jones did not exhaust his administrative remedies and the trial court properly dismissed the suit. Exhaustion of administrative remedies is required before suit is filed. *See Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.—Corpus Christi 2002, no pet.); *see also Comeaux v. TDCJ-ID*, No. 13-11-00446-CV, 2013 WL 398937, at *5 (Tex. App.—Corpus Christi [Edinburg] Jan. 31, 2013, pet. denied) (mem. op.). TDCJ's inmate grievance procedure is a two-step process. *See Texas Department of Criminal Justice, Offender Orientation Handbook*, at 52-54 (2004); *see also* Tex. Gov't Code Ann. § 501.008 (West 2012) (The Texas Department of Criminal Justice maintains a system to resolve inmate grievances.); Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (West 2002). The inmate must file with the court a copy of the written decision from the grievance system and must file an affidavit or unsworn declaration stating both the date the grievance was filed and the date the inmate received the written decision. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a).

## ACCESS TO PRISON LAW LIBRARY

Jones asserts a constitutional right of access to courts. *See Bounds v. Smith*, 430 U.S. 817, 822, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 350-52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "[P]rison

law libraries . . . are not ends in themselves, but only the means for insuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Casey*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 825). In setting out his denial-of-access claims, Jones appears to rely, in part, on the time period from November 29, 2011, to January 4, 2012. With the exception of a December 8 grievance, we do not find copies of the written grievance-system decisions for those dates in the record. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(2). Jones has not exhausted his administrative remedies regarding those dates, and the trial court properly dismissed those claims. The record does, however, contain copies of grievances regarding the dates of October 13, November 8, and December 8, 2011, along with the Department's written decisions on those grievances.

Section 14.005(b) requires the trial court to dismiss a claim if the inmate fails to file the claim before the thirty-first day after he receives the written decision from the grievance system. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b). It is apparent from the record that Jones did not meet this requirement for the October 13, 2011 grievance, and he makes no argument on appeal that he did. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004); *see also* Tex. R. App. P. 38.1(f); *Jacobs v. Satterwhite,* 65 S.W.3d 653, 655-56 (Tex. 2001); *Prudential*

5

*Ins. Co. of Am. v. J.R. Franclen, Inc.,* 710 S.W.2d 568, 569 (Tex. 1986).

Jones did exhaust his administrative remedies on the November 8 grievance. To establish a denial of a right to access to the courts based on the denial of additional time in the library, an inmate must show actual harm resulting from the prison officials' alleged conduct. *See Casey*, 518 U.S. at 350-52; *Wanzer v. Garcia*, 299 S.W.3d 821, 826 (Tex. App.—San Antonio 2009, pet. denied). Jones contends he was harmed because he had deadlines in pending civil and criminal actions. He alleges he was not able to file a pro se PDR with the Court of Criminal Appeals in his criminal case, and as a result he adopted the brief of his appellate counsel, whom he claims was ineffective. But the additional time he claims he lost appears to be de minimus. Considering the time available for the appeals and other access to legal materials, and without a showing of the invalidity of a conviction or judgment, the trial court could reasonably conclude the library claims were subject to dismissal under Chapter 14 as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002); *Hamilton*, 298 S.W.3d at 339.

## ASSAULT

Jones also alleges Wallace assaulted him. The record does not contain a grievance or a copy of a decision on this claim. Instead, the record contains a copy of Jones's claim that Wallace filed a false disciplinary charge alleging Jones

assaulted him. Jones has not exhausted his administrative remedies regarding the assault claim, and the trial court properly dismissed it.

RETALIATION

Jones argues he exhausted his administrative remedies on the retaliation claim. Jones used the grievance procedure to appeal the outcome of the December 8, 2011 disciplinary hearing. In Step 1, Jones asserts that Wallace stated at the disciplinary hearing that Jones poked him in the chest, while Wallace's offense report states Jones attempted to engage in unauthorized contact with Wallace. Jones maintains that the contradiction between the hearing testimony and the offense report demonstrates that Wallace made a false statement at the hearing, and his written report is false. In his petition before the court and in his brief on appeal, Jones maintains that the contradiction shows Wallace's retaliatory motive. On the Step 1 form, Jones also complains that his due process rights were violated because he was not allowed to view the video surveillance tape of the area where the incident took place. He further contends that the failure of prison authorities to have video surveillance of this area creates a safety risk and violated his due process rights.

Appellees argue Jones did not exhaust his administrative remedies because he did not mention the retaliation claim or the events leading up to the disciplinary

7

charges in the Step 1 form. The inmate's grievance must provide prison officials notice of the relevant "operative facts" that serve as the basis for his complaint. *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 12 (Tex. App.—Waco 2010, no pet.) (citing Tex. Gov't Code Ann. § 501.008(d)). The operative facts were not clearly spelled out in Jones's Step 1 form. The Step 2 form, which serves to appeal the Step 1 decision, couches the matter in terms of retaliation for pursuit of legal actions with no explanation of the connection with the facts alleged in Step 1. *See Offender Orientation Handbook*, at 51 (appeal of Step 1 response by filing a Step 2 form).

In a reply brief, Jones alleges that the events which gave rise to the disciplinary report were presented in an oral and written statement submitted by Jones at the disciplinary hearing. But the record does not contain the statement referenced by Jones or the transcript from the disciplinary hearing. Jones also contends he received a final administrative decision on the retaliation claim, first referenced in his Step 2 grievance form, but the administrative decision does not mention the retaliation claim. The trial court could reasonably conclude Jones did not exhaust his administrative remedies concerning the retaliation claim.

### DUE PROCESS

While Jones exhausted his administrative remedies regarding the alleged due process violations relating to video surveillance, he does not direct us to any statute

8

or regulation relating to a video surveillance requirement. In his grievance paperwork, Jones claimed that the hearing officer stated the videotape, being too far away, did not show the occurrence; and in his petition, Jones pleaded that the Designated Hearing Officer stated at the disciplinary hearing there were no cameras in that area for a reason. As the Supreme Court has noted, the judiciary is "ill equipped" to deal with the difficult problems of prison management. *See Thornburgh v. Abbott*, 490 U.S. 401, 403, 407-08, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). Prison officials have broad administrative and discretionary authority over the institutions they manage. *See Thompson v. Mannix*, 814 S.W.2d 811, 812 (Tex. App.—Waco 1991, no writ); *Johnson v. Lynaugh*, 800 S.W.2d 936, 938-39 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *see generally Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). The alleged failure to place surveillance cameras at a particular location in the prison, or at a distance close enough to view the incident in question, does not suggest a deprivation imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See Conner*, 515 U.S. at 484. The trial court did not abuse its discretion when it dismissed this claim as frivolous.

Jones also contends he was not allowed to present additional evidence (alleged witness testimony) regarding the incident. He indicates that after the

9

disciplinary hearing and after his release from solitary confinement, he discovered there were two witnesses to the November 29 incident. Jones requested that he be allowed to present their testimony, but he also stated that nothing was ever done about his request. There is no indication that Jones filed a grievance complaining of the prison officials' failure to investigate or to consider this evidence, or that the Department made a written decision on the matter. Jones did not exhaust his administrative remedies regarding his claim of inability to present witnesses after the disciplinary hearing. The trial court did not abuse its discretion in dismissing this claim. We overrule all of appellant's issues and affirm the judgment of the trial court.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on June 27, 2013
Opinion Delivered September 5, 2013

Before McKeithen, C.J., Gaultney and Kreger, JJ.