ACCEPTED
07-15-00090-cv
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/22/2015 7:06:57 PM
Vivian Long, Clerk

No. 07-15-00090-CV

_____

**IN THE SEVENTH COURT OF APPEALS**

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

6/22/2015 7:06:57 PM

VIVIAN LONG
CLERK

_____

**EVANGELOS PAGONIS**
Appellant-Petitioner

v.

**CATHERINE THOMAS**
Appellee-Respondent

_____

On appeal from the 69th Judicial District
Court of Hartley County, Texas; No. 645

_____

**BRIEF OF APPELLEE**

_____

KEN PAXTON
Attorney General of Texas

CHARLES ROY
First Assistant Attorney General

JAMES DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Chief of Law Enforcement Defense Division

JOHNATHAN STONE
Assistant Attorney General
Texas Bar No. 24071779

Post Office Box 12548
Austin, Texas  78711-2548
Telephone: (512) 463-2080
Facsimile: (512) 936-2109

\* No oral argument requested

**ATTORNEYS FOR APPELLEE**

# IDENTITIES OF PARTIES AND COUNSEL

## Appellant

Evangelos Pagonis
TDCJ No. 1626253
Dalhart Unit
11950 FM 998
Dalhart, TX 79022
*Pro Se* Appellant

## Appellee

Catherine Thomas
c/o Johnathan Stone
Law Enforcement Defense Division
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas  78711-2548
Telephone: (512) 463-2080
Facsimile: (512) 936-2109

## Counsel for Appellee

Johnathan Stone
Assistant Attorney General
Texas Bar No. 24071779

Law Enforcement Defense Division
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas  78711-2548
Telephone: (512) 463-2080
Facsimile: (512) 936-2109
Johnathan.Stone@texasattorneygeneral.gov

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................ IV

BRIEF OF APPELLEE ................................................................................. 1

STATEMENT OF THE CASE ........................................................................ 1

ISSUES PRESENTED ................................................................................. 2

STATEMENT OF THE FACTS ...................................................................... 3

SUMMARY OF THE ARGUMENT .................................................................. 4

ARGUMENT ............................................................................................ 4

I. **The trial courts did not abuse their discretion in dismissing Appellant's suit where he failed to perfect his appeal from the Justice Court by seeking and obtaining permission to proceed in *forma pauperis*.** ............ 6

II. **This Court should dismiss Appellant's claims pursuant to the doctrine of *de minimis non curat lex* where this suit arises from the loss of an expired wall calendar** ............ 7

III. **Sovereign immunity bars Appellants theft claims where there is no waiver for intentional torts.** ........................ 9

    A. Appellant's claims can only proceed against Appellee in her official capacity .................................................. 9

    B. Appellant's claims are barred by sovereign immunity where there is no waiver for intentional torts. ........................ 10

CONCLUSION ......................................................................................... 12

NOTICE OF ELECTRONIC FILING .............................................................. 13

CERTIFICATE OF COMPLIANCE ................................................................ 13

CERTIFICATE OF SERVICE ...................................................................... 13

# INDEX OF AUTHORITIES

## Cases

Birdo v. Ament, 814 S.W.2d 808, 809 (Tex. App. 1991) ...............................6

Brown v. Cockrell, No. 07-03-00139-CV, 2005 Tex. App. LEXIS 2131, at *5-6 (Tex.App.—Amarillo Mar. 21, 2005) (mem. op.) ...........................7

City of Waco v. Williams, 209 S.W.3d 216, 221-22 (Tex. App.—Waco 2006)......................................................................................................11

Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985)...........................................................................................................5

Franka v. Velasquez, 332 S.W.3d 367, 381 (Tex. 2011)...............................9

Hammonds v. Camp, 2004 Tex. App. LEXIS 3293, *5 (Tex. App. Amarillo Apr. 12, 2004) ...............................................................................8

Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App. 1996)...........................4

Jones v. Copeland, 2012 Tex. App. LEXIS 6889, *14-16 (Tex. App. Amarillo Aug. 16, 2012)..........................................................................9

Leachman v. Dretke, 261 S.W.3d 297, 304 (Tex. App. 2008)......................5

Montana v. Patterson, 894 S.W.2d 812, 814 (Tex. App. 1994). ...................5

Ollie v. Plano Indep. Sch. Dist., 383 S.W.3d 783, 791 (Tex. App.—Dallas 2012, pet. denied).......................................................................... 10

Pennington v. Peterson, No. 13-96-00344-CV, 1998 Tex. App. LEXIS 573, at *5-6 (Tex. App.—Corpus Christi Jan. 29, 1998) ...............................8

Smith v. Stevens, 822 S.W.2d 152, 152 (Tex. App.—Houston [1st Dist.] 1991) ...............................................................................................8

Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 577 & 580 (Tex. 2001) ......................................................................................................11

Thompson v. Mannix, 814 S.W.2d 811, 812 (Tex. App. 1991) .....................8

Vincent v. West Texas State University, 895 S.W.2d 469, 472 (Tex.

App.—Amarillo 1995). .............................................................. 10

Walker v. Gonzales Cnty. Sheriff's Dep't, 35 S.W.3d 157, 162 (Tex. App. 2000). ............................................................................... 5

**Statutes**

Civ. Prac. & Rem. § 101.057(2) ........................................................ 11

Civ. Prac. & Rem. § 101.106(f) ........................................................ 9

Tex. Civ. Prac. & Rem. Code § 14.003(b) ....................................... 5

Tex. R. Civ. P. 506 ............................................................................ 6

Tex. R. Civ. P. 506(d) ....................................................................... 6

Tex. R. Civ. P. 506(d)(1) ................................................................. 6

Tex. R. Civ. P. 506(g) ....................................................................... 7

Tex. R. Civ. P. 506(h) ...................................................................... 6

**Other Authorities**

Black's Law Dictionary 496 (9th ed. 2009) ................................... 7

No. 07-15-00090-CV

_____

**IN THE SEVENTH COURT OF APPEALS**

_____

EVANGELOS PAGONIS
Appellant-Petitioner

v.

CATHERINE THOMAS
Appellee-Respondent

_____

On appeal from the 69th Judicial District
Court of Hartley County, Texas; No. 645

_____

**BRIEF OF APPELLEE**

_____

Appellee, through the Office of the Attorney General, submits this brief in support of the Justice Court, County Court at Law, and District Courts decisions dismissing this case pursuant to Chapter Fourteen. Appellee respectfully offers the following in support:

**STATEMENT OF THE CASE**

Appellant-Plaintiff Evangelos Pagonis is an inmate of the Texas Department of Criminal Justice ("TDCJ") incarcerated at the Dalhart Unit in Dalhart, Texas. [Clerk's Record ("C.R.") at 55]. Appellant brought this suit *pro se* and *in forma pauperis.* [C.R. at 49]. He sued Defendant-

1

Appellee Catherine Thomas for theft for the alleged loss of a calendar. [C.R. at 52].

Appellant claims that Appellee stole his 2011 calendar on March 17, 2013. [C.R. at 62]. Specifically, he alleges that she was conducting a search of every cell on his wing for a pair of missing keys. [C.R. at 62]. Appellant claims that he witnessed Appellee enter his cell alone to conduct the search. [C.R. at 62]. He claims that he discovered his calendar missing from his legal documents folder after she finished searching his cell. [C.R. at 62]. The calendar allegedly contained important medial appointment dates related to a separate lawsuit. [C.R. at 52]. He believes that Appellee stole his calendar in retaliation for filing a lawsuit against another officer. [C.R. at 62]. Appellant is suing Appellee in her individual capacity. [C.R. at 51].

## ISSUES PRESENTED

I.   **Did the trial courts abuse their discretion in dismissing Appellant's suit where he failed to perfect his appeal from the Justice Court by seeking and obtaining permission to proceed *in forma pauperis*?**

II.  **Should this Court should dismiss Appellant's claims pursuant to the doctrine of *de minimis non curat lex* where this suit arises from the loss of an expired wall calendar?**

III. **Does sovereign immunity bars Appellants theft claims where there is no waiver for intentional torts?**

## STATEMENT OF THE FACTS

On July 26, 2013, Appellant brought a Theft Liability Act claim in the Justice Court of Hartley County. [C.R. at 51]. Appellee filed and Answer and a Chapter Fourteen Motion to Dismiss on September 20, 2013. [C.R. at 16-28]. On September 26, 2013, the presiding judge signed a Final Judgment dismissing Appellant's claims pursuant to Chapter Fourteen. [C.R. at 29]. Appellant appealed the ruling to the Hartley County Court of Law. [C.R. at 6].

On August 27, 2014, Appellant filed an Application for Writ of Mandamus with the 69th District Court of Hartley County asking the Court to order the Clerk to accept his Notice of Appeal. [C.R. at 132-37]. On September 18, 2014, the District Court entered an Order denying the Application because he failed to perfect his appeal from the Justice Court. [C.R. at 138]. The Clerk reminded Appellant on October 29, 2014, that he had not perfected his appeal from the Justice Court. [C.R. at 144]. On December 5, 2014, the County Court entered a Final Judgment dismissing Appellant's claims pursuant to Chapter Fourteen. [C.R. at 131]. Appellant filed this appeal on December 9, 2014.

A review of internal document tracking records, the Record on Appeal, and Appellant's Certificate of Service reveals that he failed to send

3

Appellee courtesy copies in the majority of his filings this lawsuit.

## SUMMARY OF THE ARGUMENT

The trial courts did not abuse their discretion when they dismissed Appellant's suit since he failed to properly perfect his appeal to the County Court by seeking and obtaining permission from the Justice Court to appeal *in forma pauperis*. This Court should also dismiss Appellant claims pursuant to the doctrine of *de minimis non curat lex* because this lawsuit arises from the loss of an expired calendar. Finally, Appellant's claims are barred by the sovereign immunity because they arose from the loss of his calendar during a cell search that was within the scope of Appellee's employment.

## ARGUMENT

The Court reviews a dismissal order in lawsuits of this nature for an abuse of discretion.[1] A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles.[2] When the trial court does not specify the grounds for dismissal, the appellate court will affirm the decision if any theory is meritorious.[3]

---

[1]  Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App. 1996).
[2]  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985).
[3]  Walker v. Gonzales Cnty. Sheriff's Dep't, 35 S.W.3d 157, 162 (Tex. App. 2000).

Trial courts have broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate, (2) the government bears the cost of an in forma pauperis suit, (3) sanctions are not effective, and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants.[4]

To determine whether a lawsuit is malicious or frivolous, a court may consider whether (1) the realistic chance of ultimate success is slight, (2) there is no arguable basis for the claim in law or in fact, (3) it is clear that the party cannot prove facts that will support the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate in that the claim arises from the same operative facts.[5] When an inmate claims relief under an indisputably meritless legal theory, the claim has no arguable basis in law.[6] A suit in which the defendants are immune from suit provides an example of such a meritless legal theory.[7]

---

[4] Montana v. Patterson, 894 S.W.2d 812, 814 (Tex. App. 1994).
[5] Tex. Civ. Prac. & Rem. Code § 14.003(b).
[6] Leachman v. Dretke, 261 S.W.3d 297, 304 (Tex. App. 2008).

5

**I.** **The trial courts did not abuse their discretion in dismissing Appellant's suit where he failed to perfect his appeal from the Justice Court by seeking and obtaining permission to proceed in forma pauperis.**

Texas Rules of Civil Procedure Rule 506 provides that to appeal a decision from the Justice Court, an Appellant must pay a $500 bond within twenty-one days of the Final Judgment.[8] An Appellant that is unable to furnish the bond may file a Statement of Inability to Pay.[9] An appeal from Justice Court is perfected when either the bond is furnished or a Statement of Inability to Pay is filed in accordance with the rules.[10] An appeal will not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing the Appellant, after seven days' notice from the court, the opportunity to correct such defect.[11] The Appellant can perfect his appeal by filing another copy of his previous Statement of Inability to Pay if he originally brought the suit *in forma pauperis.*[12]

The trial courts did not abuse their discretion in dismissing Appellant's suit where he failed to perfect his appeal from the Justice

---

7   Birdo v. Ament, 814 S.W.2d 808, 809 (Tex. App. 1991).
8   Tex. R. Civ. P. 506.
9   Tex. R. Civ. P. 506(d).
10   Tex. R. Civ. P. 506(h)
11   Tex. R. Civ. P. 506.
12   Tex. R. Civ. P. 506(d)(1).

Court. Appellant cannot perfect his appeal in the Justice Court without first filing a Statement of Inability to Pay or paying a $500 bond.[13] On September 18, 2014, the district court advised Appellant that he had not perfected his appeal from the Justice Court. [C.R. at 138]. Appellant failed to perfect his appeal within seven days of receiving notice.[14] The district court waited seventy-eight days for Appellant to perfect his appeal before dismissing his suit. [C.R. at 131]. Appellant failed to file a Statement of Inability to Pay in the Justice Court within seven days of receiving notice that he had not perfected his appeal; consequently, the trial courts did not abuse their discretion in dismissing his suit for failure to perfect his appeal.

## II. This Court should dismiss Appellant's claims pursuant to the doctrine of *de minimis non curat lex* where this suit arises from the loss of an expired wall calendar.

The doctrine of *de minimis non curat lex* — that is, "[t]he law does not concern itself with trifles"— provides the Court with the authority to dismiss as frivolous suits brought by inmates over the claimed confiscation by prison employees of property having insignificant value.[15]

---

13  Tex. R. Civ. P. 506.
14  Tex. R. Civ. P. 506(g).
15  Black's Law Dictionary 496 (9th ed. 2009); Brown v. Cockrell, No. 07-03-00139-CV, 2005 Tex. App. LEXIS 2131, at *5-6 (Tex.App.—Amarillo Mar. 21, 2005) (mem. op.) (finding doctrine applicable when inmate sought recovery for confiscation of postage

Any error associated with the dismissal would be harmless because the amount of damages sought is insignificant.[16]

This Court should dismiss Appellant's appeal where the property loss is *de minimis*.[17] Appellant's only justification for why his expired 2011 calendar had any value in 2013 was that contained important medical dates in an a different lawsuit. [C.R. at 62]. The lawsuit Appellant claims he needed the calendar for was dismissed in 2012 for failure to state a claim.[18] Appellant did appeal the decision; however, he filed his appellate brief in 2012 *before* the alleged loss of his calendar.[19] Moreover, the Fifth Circuit affirmed the dismissal of Appellant's suit a

stamps); Hammonds v. Camp, 2004 Tex. App. LEXIS 3293, *5 (Tex. App. Amarillo Apr. 12, 2004) (applying doctrine when inmate sued to recover for loss of two shower shoes, two chess sets, and a sweatshirt); Pennington v. Peterson, No. 13-96-00344-CV, 1998 Tex. App. LEXIS 573, at *5-6 (Tex. App.—Corpus Christi Jan. 29, 1998) (concluding the law did not concern itself with inmate's claim seeking recovery of $3.15 for property confiscated upon arrival at new prison unit); Smith v. Stevens, 822 S.W.2d 152, 152 (Tex. App.—Houston [1st Dist.] 1991) (concluding that the law was not concerned with claims involving the confiscation of a coffee bag and two packs of cigarettes); Thompson v. Mannix, 814 S.W.2d 811, 812 (Tex. App. 1991) (finding trial court could have invoked doctrine when inmate sought recovery for the conversion of five highlighters, an extension cord, four small wooden picture frames, a stainless steel pen and pencil set, a mirror, three hospital bracelets, and a fan).

16  See Hammonds, 2004 Tex. App. LEXIS 3293, at *5-6; Smith, 822 S.W.2d at 152.
17  Appellant seeks $100,000 in compensatory damages for the loss of his 2011 calendar. [C.R. at 45].
18  Order of Dismissal, Pagonis v. TDCJ, et al., Civil Action No. 2:11-cv-00177 (T.X.N.D. – Amarillo, Sept. 11, 2012).
19  Appellant's Brief, Pagonis v. TDCJ, et al., Cause No. 12-10980 (5th Cir. Nov. 13, 2012).

month after the alleged loss of his calendar.[20]  In <u>Jones</u>, this Court applied the doctrine of *de minimis non curat lex* in an inmate suit involving the alleged loss of a red rope folder, five pens, fourteen sheets of paper, two and a half bags of coffee, and a padlock.[21]  Similarly, the Court should apply the same doctrine in this suit where Appellant's expired calendar had no value.

## III. Sovereign immunity bars Appellants theft claims where there is no waiver for intentional torts.

### A. <u>Appellant's claims can only proceed against Appellee in her official capacity.</u>

Suits against a government employee in her individual capacity are foreclosed if the employee was acting within the scope of her employment.[22]  A suit is considered to be against the employee in the employee's official capacity only if the suit (1) is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment, and (2) could have been brought under [the Texas Tort Claims Act ("TTCA")] against the governmental unit.[23]  Officials act

---

[20]  Judgment, <u>Pagonis v. TDCJ, et al.</u>, Cause No. 12-10980 (5th Cir.  Apr. 17, 2013).

[21]  <u>Jones v. Copeland</u>, 2012 Tex. App. LEXIS 6889, *14-16 (Tex. App. Amarillo Aug. 16, 2012).

[22]  <u>Franka v. Velasquez</u>, 332 S.W.3d 367, 381 (Tex. 2011); Civ. Prac. & Rem. § 101.106(f).

[23]  Tex. Civ. Prac. & Rem. Code § 101.106(f); *Franka*, 332 S.W.3d at 369.

within the scope of employment if their acts fall within the duties generally assigned to them.[24]

Appellee can only be sued in her official capacity because the alleged loss of Appellant's calendar occurred while she was acting within the scope of her employment.[25] Appellant purportedly sued Appellee in her individual capacity. [C.R. at 51]. He alleges in this suit that she stole or destroyed his calendar during a search of his cell for a missing key. [C.R. at 62]. There is no reasonable dispute the conducting cell searches is a function within the scope of a correctional officers' duties.[26] Thus, Appellant's claims can only proceed against Appellee in her official capacity where the alleged loss of his calendar occurred while she was acting within the scope of her employment.

### B. Appellant's claims are barred by sovereign immunity where there is no waiver for intentional torts.

A suit against a governmental employee in their official capacity is, in effect, a claim against the State itself; therefore, sovereign immunity applies.[27] Sovereign immunity deprives a trial court of subject matter

---

[24] Ollie v. Plano Indep. Sch. Dist., 383 S.W.3d 783, 791 (Tex. App.—Dallas 2012, pet. denied).
[25] Id.
[26] Franka, 332 S.W.3d at 369.
[27] Vincent v. West Texas State University, 895 S.W.2d 469, 472 (Tex. App.—Amarillo 1995).

10

jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit.[28]  The TTCA provides a waiver of sovereign immunity from suit when the claimant alleges personal injury or death arising from the operation or use of a motor-driven vehicle; however, there is no waiver for intentional torts.[29]  In determining whether claims are barred by sovereign immunity, the court looks to the substance of the claims alleged because governmental immunity cannot be circumvented by artful pleading.[30]

Appellant's theft claim is barred by sovereign immunity because it is an intentional tort.  The TTCA does not waive sovereign immunity for torts "arising out of assault, battery, false imprisonment, *or any other intentional tort...*"[31]  Conversion and theft are intentional torts.[32] Appellant alleges that Appellee stole or destroyed his 2011 calendar.  [C.R. at 52].  Thus, the trial courts did not abuse their discretion in dismissing his claims where there is no waiver of sovereign immunity for intentional torts.

---

[28] Id.
[29] Civ. Prac. & Rem. § 101.057(2) (Act does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort."
[30] See Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 577 & 580 (Tex. 2001).
[31] Tex. Civ. Prac. & Rem. Code § 101.057(2) (emphasis added); See City of Waco v. Williams, 209 S.W.3d 216, 221-22 (Tex. App.—Waco 2006).
[32] Tex. River Barges v. City of San Antonio, 21 S.W.3d 347, 356-57 (Tex. App. 2000).

## CONCLUSION

The trial courts did not abuse their discretion in dismissing Appellant's suit pursuant to Chapter Fourteen. The judgment should be affirmed.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Johnathan Stone
**JOHNATHAN STONE**
Assistant Attorney General
Attorney-In-Charge
Texas State Bar No. 24071779
johnathan.stone@texasattorneygeneral.gov

Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2080
Facsimile: (512) 936-2109

**ATTORNEYS FOR APPELLEE**

**NOTICE OF ELECTRONIC FILING**

I, **Johnathan Stone**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a correct copy of the foregoing in accordance with the electronic filing system for the Seventh Court of Appeals on this the 22nd day of June, 2015.

/s/ Johnathan Stone
**JOHNATHAN STONE**
Assistant Attorney General

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1,366 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Johnathan Stone
**JOHNATHAN STONE**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, Johnathan Stone, Assistant Attorney General of Texas, certify that a true copy of the foregoing has been served by placing it in the United States

Postal Service, postage prepaid, on the 23rd day of June, 2015, addressed

to:

Evangelos Pagonis
TDCJ No. 1626253
Lynaugh Unit
1098 S. Hwy 2037
Fort Stockton, TX 79735
*Pro Se* Appellant

/s/ Johnathan Stone
**JOHNATHAN STONE**
Assistant Attorney General